CUNNINGHAM v. CARPENTER & WATSON.

1. The practice of this court is to examine those assignments of error only which are insisted on by counsel.
2. A permission allowed to one of several plaintiffs, copartners, to dismiss a suit so far as he is concerned in interest, amounts to nothing, without ascertaining what that interest is; and a court may refuse to allow one partner to dismiss a suit which another insists on prosecuting.
3. When a demurrer is sustained to a plea averring facts inconsistent with those the plaintiff is compelled to prove, to make out his case, and the cause is tried on the general issue, it is immaterial whether the plea is good or bad, if no exception is taken at the trial to the case then made.
4. In a suit by several partners, one of the plaintiffs consenting to be sworn as a witness is competent for the defendant, although his copartners may object to him.

Error to the County Court of Talladega.

Assumpsit by Carpenter & Watson, as partners, against Cunningham for work and labor.

The defendant pleaded—1. Non-assumpsit. 2. Payment. 3. Set off. 4. That the several promises, if made at all, were made to and with Watson, and none other. The

plaintiff replied to the three first pleas, and demurred to the fourth.

When the cause was called for trial, Watson disclaimed any interest in the action, and moved the court to reqiure Carpenter to give him security for, or indemnity against the costs. This was refused, and thereupon Watson excepted. Watson then said he would dismiss the cause, but on Carpenter's objecting to this, the court refused to allow Watson to dismiss it, and Watson again excepted. Watson then moved the court to allow him to dismiss the cause so far as he was concerned in interest. This the court allowed, against the objection of Carpenter.

At the trial, the defendant offered Watson as a witness, to prove the settlement of the demand, and its extinguishment, by the assent of Carpenter, by cross demands against the partners, jointly and individually. The court excluded this witness, and the defendant excepted.

The plaintiffs having filed interrogatories under the statute, for the defendant to answer, in relation to a receipt signed by Watson, in the name of the firm, answered, admitting he had such a receipt for $325, and that $225 25 of that sum was a credit given on the individual account of Watson with him.

This being all the evidence, the defendant asked the court to charge the jury—

1. That if they believe the demand sued for was a partnership demand, they must find for the defendant, because the parties are not plaintiffs.

The plaintiff, Carpenter, then asked the court to charge the jury—

2. That if they believed, that Cunningham knew that Watson was paying his private account out of the debt due to Carpenter & Watson, for building, then they must find the amount so paid by that account for the plaintiff, unless it was shown to them that Carpenter consented, or agreed, to the application of the partnership debt to the payment of Watson's individual debt. This charge was given, and the defendant excepted to it, as well as to the refusal to charge in the manner requested by him. He now assigns that the county court erred—

Cunningham v. Carpenter & Watson.

1. In sustaining the demurrer to the fourth plea.

2. In refusing to dismiss the entire action.

3. In overruling the objections to the interrogatories propounded to the defendant.

4. In refusing the charge asked, and giving that excepted to.

5. In rendering judgment after the dismissal of the suit by Watson.

6. In excluding Watson as a witness.

A. WHITE, for the plaintiff in error, made the following points :

1. The dismissal of the suit by Watson, was a discontinuance of the action. [Givens v. Robbins, 5 Ala. Rep. 676.]

2. The demurrer to the plea should have been overruled, as, though informal, it is a complete answer to the declaration. It is no valid objection that it amounts to the general issue. [Townsend v. Moore, 9 Porter, 136.]

3. Watson consenting to be examined, was a competent witness. [Cowan & Hill's Notes, 1563 ; Ib. 134 ; Duffee v. Pennington, 1 Ala. Rep. N. S· 5Q6 ; Pruitt v. Marsh, 1 S. & P. 17 ; 2 H. & M. 603.]

S. F. RICE, for the defendant in error, argued—

1. That Watson had no right to dismiss the suit, or so interfere with it as to prejudice the rights of his co-partner. What was done by him is only an admission on the record that he has no interest in the suit, and it is a fraud upon his co-partner to allow him to dismiss the suit under the circumstances described.

2. One plaintiff, if objected to by his co-plaintiff, is not a competent witness. [4 Wend. 453 ; 12 Peters, 149.]

3. The plea demurred to is not in form, and besides, the defendant went to trial on the general issue, under which the plaintiff was obliged to disprove the fact alledged in the plea. There was therefore no injury if the demurrer was improperly sustained.

GOLDTHWAITE, J.—1. It will be seen the assignment

Cunningham v. Carpenter & Watson.

of errors covers more ground than the party has thought proper to occupy in his argument. We notice this, not because we suppose there is any merit in what is passed over, but merely to state, the practice of the court is, to examine such errors only as are insisted on by counsel.

2. We think the permission allowed by the court to Watson, to dismiss the suit so far as he was concerned in interest, amounts to nothing without ascertaining what that interest was. Courts of law are every day in the practice of giving effect to the assignment of choses in action, and will not permit a mere nominal plaintiff to dismiss a suit, or otherwise interfere with the just rights of the equitable owner. [Welch v. Mandeville, 1 Wheat. 233; Wardell v. Eden, 2 Johns. Ca. 121; Chisholm v. Newton, 1 Ala. Rep. N. S. 371.] On the same ground of fraud, the courts protect the rights of one partner against the acts of another, who attempts to extinguish the partnership demand by his individual debts. [Pierce v. Pass, 1 Porter, 232.] Substantially there is no difference whether the partner is allowed to extinguish the demand of the firm, by his individual debt, and so interfering with the conducting of a suit as to produce the same result. We think the court would have been authorized to refuse the dissatisfied partner permission to interfere with the management of the suit, especially when the offer was made to secure him against costs.

3. It is unimportant to inquire at this time, whether the plea demurred to is good or bad, because it presents no new or affirmative matter independent of the declaration. The plaintiffs to make out their case, were compelled to disprove the precise fact stated in the plea, or rather to prove a state of facts inconsistent with those there stated. It is evident then the party has had the advantage of the plea, within the general issue, and as no exception was taken at the trial to the case then made, no injury has been sustained, even if the plea itself is good. [Jackson v. McKenzie, 4 Ala. Rep. 230; Rakes v. Pope, 7 Ib. 161; Shehan v. Hampton, 9 Ala. Rep. .]

4. But in excluding Watson as a witness, we think the court erred. It will be seen he consented to be examined, and whatever may be the rule in other courts, excluding

a plaintiff as a witness, when objected to by his co-plaintiff, with us the practice is otherwise. Independent of any legislation upon the subject, we should incline to the opinion that a plaintiff not objecting to be sworn, might be examined, as his admissions on oath might be compelled by a bill of discovery. However this may be, our statute invests the common law courts with authority to compel the answer to interrogatories when exhibited in the mode prescribed by that act. Under this act we apprehend Watson could be examined, and the circumstance that he was willing to aid the defendant, or defeat the action, would not take away the right of the defendant to examine him. We can perceive no reasonable objection to his assenting to be examined as a witness, when an examination could be forced in another form. Although the cases hitherto decided by this court do not extend quite so far as the principle now insisted for, yet they seem to lead to that result. [Duffee v. Pennington, 1 Ala. R. 506; Pruit v. Marsh, 1 S. & P. 17.]

For this error the judgment is reversed and the cause remanded.