## BURWELL & CLARKE v. SPRINGFIELD.

1. One partner cannot, without the consent of his copartner, appropriate the assets of the firm to the payment of his individual debts, and such appro-

priation, if made with a knowledge on the part of the person receiving them, that they are the joint property of the firm, is no bar to an action instituted against him by the partnership.

Error to the County Court of Marengo. Before the Hon. James A. Young, Judge.

ACTION of assumpsit, on the common counts, by plaintiffs, against the defendant in error. Plea, the general issue.

It was proved on the trial, that the defendant was indebted to the plaintiffs, as partners, for work and labor performed in 1842, and that a short time before the dissolution of the firm of Burwell & Clarke, Clarke being individually indebted to defendant, in a settlement with him, paid off his own debt, with the account due by defendant to the firm. The plaintiff's counsel requested the court to charge the jury, that Clarke had no right to appropriate the effects of the partnership to the payment of his individual debts, without the consent of his copartner, Burwell, and that such assent must be proved by the defendant, otherwise the payment proved did not amount to a satisfaction of the claim against Burwell & Clarke. This charge the court refused to give, whereupon the plaintiff excepted, and now assigns it as error.

BROOKS & BYRD, for plaintiffs in error.

1. An account raised by one copartner, without the consent or knowledge of the others, cannot be set off against a debt due the firm, and the *onus probandi* of such assent lies upon the creditor of the individual partner. Pierce & Baldwin v. Pass & Co. 1 Por. 232; Rolston v. Click et al. 1 Stew. 526; Lansing v. Gaines and Ten Eyck, 2 Johns. 300; Livingston v. Roosevelt et al. 4 Ib. 251; Dob & Dob v. Halsey, 16 Ib. 34; White v. Toles & Dunlap, 7 Ala. 569; McNeil's Ex'rs v. Reynolds, 9 Ib. 313; Taylor v. Bass, 5 Ala. 110; Jones & Co. v. Jones, 12 Ib. 244.

2. So a joint debt due a partnership, cannot be discharged by one of the partners applying it in payment of an individual debt, owing by him to the debtor of the firm, without the knowledge and approbation of the other members of the concern. White v. Toles & Dunlap, 7 Ala. 569, and cases above

cited. See also, 7 Wend. Rep. 326; Lansing v. Haster, 2 Caine's Rep. 246; Du Boise v. Roosevelt, 4 Johns. 262, n.; Laverty v. Burr, 1 Wend. 529; 3 Kent, 41; Rogers v. Batchelor, 12 Peters, 229; Story on Part. 197, 212; Collyer, 279; Holme v. Karpser, 5 Binney R. 471; Baird v. Cochran et al. 4 Serg. & R. 397; Bank v. Bowen et al. 7 Wend. 158; Boyd et al v. Plumb, Id. 309; Gansvoort v. Williams & Johnson, 14 Wend. 133; Joyce v. Williams, Id. 141; Wilson v. Williams, Id. 146; 19 Johns. 54; Hogan & Co. v. Reynolds, 8 Ala. 60.

VARY, for the defendant in error.

COLLIER, C. J.—It may be regarded as settled, that one partner cannot appropriate the property of the partnership to the payment of his individual debt; and if such an appropriation is made, the party receiving it, is liable to the firm in an action to refund, if he was aware that he received the joint estate. In such case it is said, it makes no difference whether the note of the firm be given, or the partnership property applied to pay the individual debt of a partner. One partner cannot release a debt due to the firm, in order to extinguish his individual liability; nor can a debt due to a partnership be discharged by one of the partners applying it in payment of an individual debt, owing by him to the debtor of the firm, without the knowledge and approbation of the other members of the concern. Dob v. Halsey, 16 Johns. R. 34; Gram & Stewart v. Caldwell, 5 Cow. Rep. 489; Everngham v. Ensworth, 7 Wend. R. 326; Peirce & Baldwin v. Pass & Co. 1 Port. Rep. 232; White v. Toles & Dunlap, use, &c. 7 Ala. 569, and citations in the two last cases. In the present case, the plaintiff, Clarke, appropriated an account due himself and copartner *jointly*, from the defendant to pay a debt which he individually owed the defendant. Here the parties settled their accounts, with a full knowledge of the misapplication of the partnership effects. This settlement cannot be allowed, to the prejudice of the partner who had no agency in, and did not assent to it, and the citations we have made abundantly show, that the ju-

ry should have been instructed, that the defence relied on, could not be supported.

The judgment of the county court must be reversed, and the cause remanded.