COCHRAN & ESTILL *vs.* CUNNINGHAM'S EX'R.

1. It is well settled, that in an action at law by partners all must be entitled to recover, or the action cannot be maintained : When, therefore, one of two partners, either before or after the dissolution of the firm, does an act which bars him, it will equally preclude the other from bringing a suit in the partnership name.

2. In a suit at law by partners, the admission of one of them, after the dissolution of the firm, that he has no right of action, is competent testimony in bar of the suit.

3. Where money is received to the use of a firm, and suit is instituted for its recovery against one of the partners alone, the other, being liable to his copartner for contribution in the event of a recovery, is an incompetent witness for him.

Error to the Circuit Court of Talladega. Tried before the Hon. N. Cook.

THE facts of this case may be thus stated: The plaintiffs, as attorneys and partners in the practice of law, had performed various services for the Bank of Rome, and for which the bank was indebted to them. In the settlement of a claim they held on one Thomas, at the request of the agent of the bank, they took a note for twenty-four hundred dollars in the name of Estill alone. The reason why the note was taken in the name of Estill was, that the bank had much difficulty in bringing suits in its own name in Alabama, and also for the purpose of consummating an agreement between the agent of the bank and Estill, to-wit, that he should hold and use said note, or a part thereof, in payment of the fees due to the plaintiffs. This note was sued on in the name of Estill, and judgment recovered against Thomas. The partnership of Cochran & Estill was dissolved in April 1842. After the dissolution of

the firm, it appeared that Smith, the President of the bank, and Estill went together to the store of Cunningham & Dixon, and it was agreed that Smith should sell the judgment in the name of Estill against Thomas, upon Smith undertaking to pay the fees due Cochran & Estill. Thereupon Cunningham sold and delivered Smith goods to the amount of the judgment. Smith, however, afterwards refused to pay the fees, and they are still unpaid. In a few days afterwards, Cunningham called on Estill to transfer the judgment to him, which Estill declined to do, because the fees were not paid, but on the 21st day of February 1843, Estill did execute a transfer to Cunningham of all the right he had in said judgment, and on the same day Cunningham executed an instrument to Estill, by which, after reciting that he held the receipt of Cochran & Estill for a note in their hands for collection on John S. Bennett, and endorsed by Looney, payable to the Western Bank of Georgia, he transferred said note to Estill for the purpose of paying him all fees due from said Bank of Rome (which appears to be the same as the Western Bank of Georgia); and which provides that after paying all fees, the residue, when collected, shall be paid to said Cunningham. The foregoing facts appeared from the admissions of Estill and Cunningham, who, differing about the matter, had verbally submitted the question of Cunningham's liability to arbitrators, before whom they both made statements, as evidence on which they should act. The arbitrators awarded that Cunningham should not pay anything.— Cochran, however, was not present.

The defendant offered as a witness Dixon, the partner of Cunningham, who testified that the goods given to Smith for the judgment were the goods of the firm of Cunningham & Dixon, and were equal in value to the judgment, and that Thomas had satisfied the judgment in full by paying the amount to the Bank at Montgomery on a debt due by Cunningham & Dixon, and which was done with the consent of Cunningham & Dixon. The witness stated, that whether he was interested or not in the matter depended on his own choice; that there was no agreement which bound him to pay any portion of the sum that might be recovered in this suit. This witness also stated that he saw Cochran in the summer of 1842, and enquired of him why he had not assigned the judg-

ment, who replied that he was willing to do it until he ascertained it was in the name of Estill alone, and it was therefore unnecessary for him to assign it. The plaintiffs objected to the competency of this witness, on the ground of interest, but the objection was overruled. They also objected to all admissions made by Estill alone, after the dissolution of the partnership, which objection was also overruled. The testimony tended to show that the defendant Cunningham had notice of the dissolution of the firm. The court charged the jury that if the judgment in favor of Estill belonged to the bank, and Estill held a lien upon it for fees due the plaintiffs from the bank, and Smith, the President of the bank, offered to sell the judgment for goods to Cunningham and his partner, and if Smith and Cunningham applied to Estill, who agreed, on the promise of Smith to pay the fees, to transfer the judgment to Cunningham and to look to Smith for the fees, and thereupon Cunningham and his partner, with the knowledge and consent of Estill, delivered the goods to Smith, relying on the promise of Estill to transfer the judgment to them discharged of the lien, then Estill could not, after the goods were delivered and beyond the reach of Cunningham and his partner, refuse to transfer the judgment, or set up his lien upon it for fees, nor could the plaintiffs recover of the defendant any part of the proceeds for their fees.

The court further charged the jury, that if Cunningham was in no wise interested in the fees due the plaintiffs by the Bank of Rome, nor liable at all for them, and had voluntarily promised to pay them, after he had bought the judgment, that such a promise would be a *nudum pactum*, and of no force in law.

To these charges the plaintiffs excepted, and now assign them, together with the several rulings of the court, as error.

RICE, for plaintiffs in error:

1. After dissolution, one partner has no right to transfer a judgment rendered in favor of himself, *but upon which the firm has a lien for a debt due to it;* especially when the only pretended consideration of such transfer is the verbal promise of a third person to pay the debt due the firm, and when the transfer is made to one who has had no previous dealings

whatever with the firm until after dissolution, and who has notice of the dissolution and notice of the lien of the firm upon the judgment.  Story on Part. 481.

2.  Such a transfer is a "*new contract*," which cannot be made by one partner after dissolution.  This "new contract" would be highly injurious to the firm, by depriving it of its judgment lien and security, and forcing it to take a mere promise of a third person, (which may be void by the statute of frauds, or otherwise worthless.)  Bell v. Morrison, 1 Peters' Rep. 370; Story on Partn. 458–461, and note 3—471, notes 1 and 2.  The doctrine of the English books on this subject is overturned by American courts.  Story on Partn. 461, note 3.

3.  After dissolution, the admissions of one partner are not evidence against another.  Story on Partn. 460 to 462; Barringer et al. v. Sneed, 3 Stew. Rep. 201; Bell v. Morrison, 1 Peters, 351–372.

4.  The witness Dixon was clearly incompetent to testify for his copartner Cunningham.  Simmons v. Smith, 21 Eng. Com. Law Rep. 374; Collins v. Flowers, 1 How. Miss. Rep. 26; Cline v. Little, 5 Blackf. 486; Pike v. Blake, 8 Vermont, 400; Pinney v. Bugbee, 13 ib. 623; Tompkins v. Beers, 2 Root's Rep. 498; Lowry v. Summers, 7 Halst. 240.

L. E. Parsons & Morgan, for defendant:

1.  If this was not a partnership demand, the witness Dixon was clearly competent.  If it is, he is competent, because it is a good defence "under the general issue, or specially in bar." 1 Chitty's Pl. 50; 3 Bacon's Ab. 697; 2 Vernon, 97; 3 Term Rep. 433-35; Foster et al. v. Hooper, 2 Mass. 572.

2.  Either partner may release or transfer a debt due the firm, after dissolution.  Beak v. Beak, 3 Swans. 627; Morse v. Bellows, 7 N. Hamp. 549; Beecham v. Curry, 19 Johns. 143; Correls v. Boswell, 1 Dana, 475; Porter v. Bristow, 4 M. & Selw. 156; King v. Smith, 4 C. & P. 108; Biggs v. Fellows, 8 B. & C. 402.

3.  Admissions made by one partner, after the dissolution of the firm, are competent for all purposes as evidence, except to create a liability not existing while the partnership was in existence.  Wood v. Bradick, 1 Taunt. 104; Bell v. Morrison, 1 Peters, 351; Mann v. Locke, 11 N. Hamp. 246; Parker v. Merrill, 6 Greenl. 410; 4 Paige, 17.

DARGAN, J.—The counsel for the plaintiffs in error, in their argument, present three questions: 1st—that one partner has no right, after the dissolution of the firm, to transfer its effects or choses in action so as to bind the firm; 2d—that the admissions made by Estill after the firm was dissolved, in reference to the transfer made by him, were illegal proof; 3d— that Dixon was interested in the event of the suit, and therefore incompetent to testify.

1. We do not not deem it necessary to examine how far, or under what circumstances, one partner, after the dissolution of the firm, has the power to transfer the partnership assets, or assign the partnership demands; for the rule is well settled, that in a suit at law all the plaintiffs must be entitled to recover, or the suit cannot be maintained; and any matter that will negative the right of one of the partners to bring the suit is sufficient to defeat the action. If, for example, one partner has released the debt, although such release may be a fraud on his copartner, yet a suit at law cannot be maintained in the partnership name for its recovery, and the party injured by the act of his partner can obtain redress in a court of equity only. Richmond v. Hemppy, 1 Starkie's Rep. 204; Coll. on Partn. 383; Biggs v. Lawrence, 3 Term. Rep. 383; Jacaud v. French, 12 East. 317.

By joining in the suit the partner who has done the wrongful act, they rely on his right to recover, and must abide by all his acts; and if any one of them would bar the right of one partner, this is sufficient to bar the action. In the case of Jones v. Sikes, 9 B. & C. 532, it was said by Lord Tenderden, that he was aware of no case in which one has been allowed in a court of law to rescind his own act on the ground that it was a fraud on the rights of another, whether the party seeking to do this sues in his own name or jointly with the person injured by his act. The principle that all the partners must be entitled to recover, or the action cannot be maintained, is fully recognised in the American courts, and indeed, so far as I have observed, has never been denied where the common law of England prevails. Story on Partn. ch. 12, p. 360 to 365; 2 Gallison, 130; 16 Johns. 438. As it is the established rule that all the partners must be entitled to recover, in order to maintain the suit, any act of one partner, whether done be-

fore or after the dissolution of the firm, that will bar him, will equally preclude the partnership from bringing an action at law in the name of all the partners. The transfer of the judgment to Cunningham is binding on Estill, and he therefore cannot recover of the defendant on the ground that he had a lien on the judgment for fees due to the firm of Cochran & Estill; and as Estill cannot recover, it follows that a suit at law cannot be maintained in the name of Cochran & Estill.

2. Nor is it necessary for us to examine how far, or under what circumstances, the admissions made by one partner, after the dissolution of the firm, will bind the other partners; for if it be admitted that such admissions could not be received as evidence to bind the other partners, it is very clear they are admissible to show that the partner making them has no right of action, and if this be shown, the whole suit must fail. The admissions of Estill, in reference to the transfer made by him to Cunningham, are evidence in a suit at law, binding on him, and, being binding on him, they are legal testimony in bar of the suit.

3. We come, however, to the conclusion that the court erred in admitting the testimony of Dixon. Although the transfer of the judgment was made to Cunningham alone, the goods with which it was purchased belonged to the firm of Cunningham & Dixon, and the judgment was satisfied by Thomas by his paying the amount of it on a debt due by Cunningham & Dixon to the Bank at Montgomery. The judgment was therefore purchased with the goods of the firm, and its proceeds were paid for the benefit of the firm, and it may be said to the firm. The transfer to Cunningham must therefore be considered as in trust, *or for the use of the firm*. If the amount of this judgment or any part of it should be recovered against Cunningham, in consequence of anything growing out of the contract of transfer, he would stand as a creditor of the firm to the extent of the recovery, for the reason that money received to the use of Cunningham & Dixon would be recovered of Cunningham alone. Such a recovery would entitle Cunningham to call on Dixon to account for his proportion of the money improperly received by the firm, and which he alone had to refund. Dixon, *notwithstanding his opinion* that he was in no manner bound to account for any portion of the

recovery, is liable to Cunningham for his proportion of any amount that may be recovered of him. He was therefore legally interested in defeating the suit, as he thereby defeated his liability to Cunningham.

For this error, the judgment must be reversed and the cause remanded.

Judge Chilton, having been employed as counsel in the court below, did not sit.