## NALL & BROOKS *vs.* McINTYRE.

[ACTION BY PARTNERSHIP ON OPEN ACCOUNT.]

1. *Authority of partner to bind partnership.*—One partner cannot, without the consent of his co-partner, transfer a demand, which on its face shows that it belongs to the partnership, in payment of a debt which he and a third person owe, and for which the partnership is not bound; nor does such transfer estop the partnership from suing on the demand.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. S. D. HALE.

THIS action was brought by the appellants, as partners, against Edward L. McIntyre, and was founded on an open account. The justice of the peace before whom it was commenced rendered judgment for the plaintiffs, from which the defendant appealed to the circuit court, where the case was submitted to the decision of the judge, without the intervention of a jury, on the following agreed facts:

"In 1855 the plaintiffs were partners in trade, and during the partnership the account sued on was contracted by the defendant. The partnership was dissolved, on the —— day of ——, 1855, without public notice of the fact. After the dissolution, both parties were equally authorized to wind up the business of the firm. A. N. Worthy and

the defendant owned a horse and buggy in partnership,. which they desired to sell. Brooks, one of the plaintiffs, and one Tompkins, being in partnership in the stable business, desired to purchase the horse and buggy; and Worthy, during the absence of the defendant, offered to contract with them for its sale. Brooks negotiated the trade with Worthy, and agreed to the purchase on the condition, that Worthy and defendant would receive payment in cash accounts against persons about Troy ; mentioning, among others, the one sued on ; to which Worthy assented, on condition that the defendant, when he got home, would ratify it. The defendant came home a few days afterwards, saw Worthy and Brooks together, and confirmed the trade; the horse and buggy being in the possession of Brooks & Thompson. At the time defendant confirmed the stipulations of the buggy trade, he had no notice of the dissolution of the firm of Nall & Brooks. There were outstanding demands against the firm of Nall & Brooks, which were unsatisfied; and Nall told Worthy, that he would not assent to the transfer of the account on the defendant to him and Worthy, in part payment of the horse and buggy—that the account against the defendant was due and owing to Nall & Brooks, and was not the property of Brooks; but whether this dissent was given before or after the confirmation of the trade by defendant, is not remembered. Worthy & McIntyre received the note of Brooks & Tompkins, before the ratification of the contract by defendant, for the full amount of the purchase-money for the horse and buggy, payable in good cash notes. The account against the defendant was not deducted from the amount of the purchase-money, nor was it credited on the note. There were, at the time the action was brought against the defendant, and still are, outstanding debts against the firm of Nall & Brooks. The defendant was not credited with any amount on the books of Nall & Brooks."

On these facts the court rendered judgment for the defendant; to which the plaintiffs excepted, and which they now assign as error.

H. W. HILLIARD, for the appellant, cited Pierce & Baldwin v. Pass & Co., 1 Porter, 232; Fisher & Johnson v. Campbell, 9 Porter, 209; Lucas v. Atwood, 3 Stewart, 378; Burwell & Clarke v. Springfield, 15 Ala. 273; 3 U. S. Digest, pp. 91–2, §§ 51, 52.

PUGH & BULLOCK, *contra*, cited Lucas v. Bank of Darien, 2 Stewart, 280; White v. Toles & Dunlap, 7 Ala. 569.

STONE, J.—The agreed facts in this case raise two legal questions: 1st, can a single member of a partnership, without the consent of his co-partner, apply a partnership demand, which *on its face* shows that it belongs to *the firm* of which he is a member, in payment of a debt which he and a third person owe, and for which the firm is not liable; and, 2d, if such application of the partnership effects be made, does this estop the partners from suing as partners for the recovery of such demand. The following authorities answer both of these questions in the negative; Pierce v. Pass, 1 Por. 232; Cunningham v. Carpenter, 10 Ala. 109; Burwell v. Springfield, 15 Ala. 273; White v. Toles, 7 Ala. 567; Gram & Stewart v. Caldwell, 5 Cowen, 489; Evernghein v. Ensworth, 7 Wend. 326; Rogers v. Batchelor, 12 Peters, 221; Story on Partnership, §§ 132–3, and notes; Coll. on Partnership, (by Perkins,) §§ 483–4.

The case of Cochran & Estill v. Cunningham, rests on an entirely different principle. The *material* point consid ered in that case, is not necessarily in conflict with the principles aboved asserted. Estill had, by his conduct and agreement, induced Cunningham to part with his goods, in the purchase of the judgment on Thomas; and he thereby estopped himself from disputing Cunningham's right to the judgment. The authorities cited in support of that opinion are also reconcilable with our opinion in this case.—Cochran v. Cunningbim, 16 Ala. 448; Richmond v. Heapy, 1 Stark. 202; Riggs v. Lawrence, 3 T. R. 453; Jacaud v. French, 12 East, 317; Coll. on Part. (by Perkins,) § 468.

The judgment of the circuit court, being in conflict with the views above expressed, is here reversed, and the cause remanded.