## Harris *v.* Swanson & Bro.

ı 62   299
'132  406

*Action to recover Statutory Penalty for failure to enter Satisfaction on Record of Mortgage.*

1. *Plaintiff; who is necessary.*—Where the legal interest in a cause of action, whether arising out of contract or *ex delicto*, is joint, residing in several persons, all who are living must join in an action founded on it. In such case, however, one or more of the parties may commence and prosecute the action in the name of all, or bring them in by amendment, whether willing or not, upon indemnifying them against costs.

2. *Indemnity; what sufficient.*—It is the duty of the court, when indemnity is demanded, to see that proper security is given, and to allow the party using the name of the others, time to give such indemnity; but when a party is satisfied with the indemnity offered, the duty of the court in this respect is ended, and it cannot exact other indemnity, or refuse to proceed with the cause until it is given, or refuse an amendment making such person a party until further indemnity is given.

3. *Amendment; what should be allowed.*—One of two joint mortgagors cannot maintain an action in his own name against the mortgagee, to recover the statutory penalty for refusal to enter satisfaction, if his co-mortgagor is living; and when the action is commenced by one, an amendment joining the co-mortgagor as plaintiff should be allowed; and if the plaintiff offers indemnity to the co-mortgagor, with the sufficiency of which he is satisfied. the court cannot refuse the amendment or exact other indemnity, because such mortgagor is unwilling, for personal reasons, to join in the suit.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

The appellant, M. H. Harris, commenced this action against the appellees, M. B. Swanson & Brother, to recover the statutory penalty for their failure to enter satisfaction on the record of a mortgage, for more than three months after payment and request to enter satisfaction. It was alleged that the mortgage was executed by the plaintiff and one Wright, who were then engaged in a planting partnership, but that all the property covered by it, except the crop raised that current year, was the personal property of the plaintiff. A demurrer for a non-joinder of Wright as party plaintiff having been interposed and sustained by the Circuit Court, the plaintiff offered to amend by making Wright a co-plaintiff, and tendered to said Wright indemnity for all costs and expenses of suit. It was shown that the security ten-

dered was ample. The court then asked said Wright if he was willing to be made a party on the indemnity offered him by the plaintiff. Wright objected to being made a party plaintiff. The plaintiff then offered to show to the court by said Wright that he did not object to the character or sufficiency of the indemnity, but objected on personal grounds. The defendant objected to this testimony, the court sustained the objection and refused to allow plaintiff to make the proposed amendment, or to compel said Wright to allow himself to be made a party plaintiff, except upon conditions which the plaintiff refused to comply with, and plaintiff excepted. There was a judgment on demurrer for the defendants, and the plaintiff brings the case here by appeal.

BREWER & BREWER, for appellant.

ABERCROMBIE, GRAHAM & BILBRO, *contra*.

BRICKELL, C. J.—It is an elementary principle, that when the *legal interest* in a cause of action, whether it arises out of contract, or is *ex delicto*, is joint, residing in several persons, all who are living must join in the action founded on it. One or more of the parties may use the name of all in the commencement and prosecution of the action. If others are unwilling to join in the prosecution, the unwillingness does not authorize a dismissal of the suit. They can and will, on a proper application, be protected by an indemnity against costs, from those prosecuting the suit. All courts have an inherent power to protect themselves and their suitors from an abuse of their process, and to protect the rights and interests of those who have beneficial interests in the subject matter of suits. In *Cunningham v. Carpenter*, 10 Ala. 109, one of the several partners instituted a suit at law in the name of the partnership, and another partner came in and proposed to dismiss the suit so far as he was concerned. The dismissal, if allowed, would have been fatal to the suit. This court said, there would be no substantial difference between allowing a partner to extinguish a partnership debt with his individual debt and allowing him to interfere with a suit his partner had commenced, *especially when the offer was made to secure him against costs.*

The statute authorized the amendment of the complaint, by the insertion of the name of Wright as a plaintiff. When the complaint was amended, Wright, if unwilling to join in the prosecution of the suit, could have demanded from Harris indemnity against the costs, and a reasonable time should have been allowed to furnish it. It was tendered im-

·mediately, however, and with its character and sufficiency Wright was satisfied. Being satisfied, his personal unwillingness to prosecute the suit is immaterial, he is not bound if it results in a judgment favorable to Harris and himself, to participate in its fruits; but he is without power to arrest or impede the prosecution of the suit. The indemnity being satisfactory to Wright, it was not the province of the court to require that any other should be given in lieu of it. It is for his personal protection the indemnity is required, and when such is tendered as he is satisfied with, the court is without further power in the premises.

Reversed and remanded.