# Fancher Bros. & Co. *v.* Bibb Furnace Company.

*Action for Damages for Breach of Contract.*

1. *Submission to arbitration by partner.*—One partner has no right, without the concurrence of his co-partners, or against their objection, to submit a pending suit to arbitration; and such submission by him, and an award rendered under it, are no defense to the action. (Overruling *Cochran v. Cunningham*, 16 Ala. 448.)

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JAMES E. COBB.

This was an action brought by Thomas M. Fancher, Henry C. Fancher and John C. Williams, partners doing business under the name of Fancher Bros. & Co., against the Bibb

31

[Fancher Bros. & Co. v. Bibb Furnace Co.]

Furnace Company, a partnership operating a furnace in Bibb county, and was commenced Oct. 14, 1882. It was a claim for damages alleged to have been sustained by plaintiffs by the failure of the defendant to make advances in money and supplies to plaintiffs, under an agreement which had not been complied with by said defendant. The record shows that after the commencement, and pending their suit, another action was begun by the same plaintiffs, suing as *late partners* under the name of Fancher Bros. & Co., and against the same defendant, the Bibb Furnace Co., here described as a corporation under the laws of Alabama. This latter suit was commenced Sept. 22, 1883. By order of the court these two causes were consolidated, by consent of the parties, on 17th Sept. 1884. The defendant pleaded in defence of the whole action, an award that had been rendered upon submission to arbitration which had been entered into by and between the defendant and the plaintiff, Thomas M. Fancher, acting for himself and his partners, on the 17th of March, 1885 ; in which submission it was agreed between the parties that all matters in controversy in said pending suit should be settled, and that the parties would faithfully abide by the award. The result of the arbitration was adverse to the plaintiff. The plaintiffs replied that said submission and award were unauthorized by the partners of Thomas M. Fancher, and were, in other respects, illegal; setting up, among other things, that there had been a previous submission to arbitration by the parties, which submission had never been vacated or set aside, and that at the time of the submission relied on by the defendant, the partnership of Fancher Bros. & Co. had been dissolved. The court having sustained the demurrer interposed by defendant to this replication, issue was joined on defendant's pleas setting up a submission and award ; and a verdict was rendered in favor of the defendant. Whereupon the plaintiffs take this appeal, assigning for error the adverse rulings of the court in overruling the demurrers of plaintiffs, and in sustaining the demurrers of the defendant, and in giving the affirmative charge for the defendants.

SUTTLE & PETERS, TROY, TOMPKINS & LONDON, for appellants. 1. The current of authority is decidedly against the right of one partner to bind his co-partners by a submission to arbitration during the continuance of the partnership ; and it is certain that he can not do so after dissolution. To authorize a submission under such circumstances would require an express authority, or a subsequent ratification. Morse on Arbitration, 7 ; *Stead v. Salt*, 3 Bing. 101 ; *Hatton v. Royle*, 3 H. & N., 500 ; *Martin v. Thrasher*, 40 Vt. 460 ; *Adams v. Bankart*, 1

[Fancher Bros. & Co. v. Bibb Furnace Co.]

Crompton, M. & R. 681; *Backus v. Coyne*, 35 Mich. 5; 1 *Ib.* 367; *Harrington v. Higham*, 13 Barb. 660; *McBryde v. Hogan*, 1 Wend. 326. The direct point has never been decided by this court, but the principle upon which it rests has been repeatedly recognized.— *Yung's Heirs v. Waring*, 17 Ala. 145; *Wyatt & Morse v. Bell*, 41 Ala. 222; *Cunningham v. Bragg*, 37 Ala. 436; *Barringer v. Sneed*, 3 Stew. 201.

While the award may be binding on Thomas M. Fancher, it is no defense to a suit by the partnership. It could only bind the interest of Thomas M. Fancher in the partnership, which could be determined by a settlement of the partnership. There could be no set-off in this case, of a claim against said Thomas M. Fancher.—*Sayre v. Watts*, s. c. of Ala. Manuscript; *Steed v. Salt, supra; Martin v. Thrasher*, 40 Vt. 460; *Nall & Brooks v. McIntyre*, 31 Ala. 532. The award is absolutely void. It was not good as a statutory award, and the court so decided upon a motion to enter it up, which made that question *res adjudicata* as to these parties.—*Dudley v. Farris & McCurdy*, 79 Ala. 187. The parties having intended it as a statutory award it is invalid for any other purpose, 20 Pick. 480; 3 Wis. 225; 9 Col. 142; Code of 1876, §§ 3536, 3550. See, also, in analogous cases, Cooley's Con. Lim., p. 500.

HARGROVE & LOGAN, *contra.* There are many respectable authorities recognizing the right of one partner to bind his copartners by submission to arbitration. Caldwell on Arbitration, 25; *Taylor v. Coryell*, 12 S. & R. 243; *Halleck v. March*, 25 Ill. 48; *Southard v. Steele*, 3 F. B. Monroe, 435. However, it can not be controverted that, by submission of partnership matters, a partner does not bind himself. Bacon's Abridg. (C.) Arbitration; Kyd on awards; *Jones v. Barley*, 5 Cal. 345; 1 Pet. 222. In an action at law by partners, all must be entitled to recover, or the action can not be maintained, 16 Ala. 448; Story on Part. Ch. 12, p. 360–365; 16 Gallison, 130; 16 John. 438. 1 Par. on contract (Ed. 1860) p. 26. In a joint action all must recover, or none can.—*St. Clair v. Caldwell & Riddell*, 72 Ala. 527; *Bell v. Allen*, 53 Ala. 126. If the award is not good as a statutory award, it is good as a common law award—courts construe awards liberally. 9 Ala. 767; 54 Ala. 78; 1 Pet. 222; Caldwell on Arb. 279; Kyd on Awards, 381; Wait's Ac. & Def. vol. 6, pp. 546–7. Submission in a manner not required by the Code may be regarded as an amicable settlement of the matters between the parties. 66 Am. Dec. 95; 3 Iowa, 463. See also 8 Ala. 466.

STONE, C. J.—A partnership consisted of three members, but had been dissolved. Two suits were pending in favor,

and in the names of all the partners suing as partners. One of these suits had been commenced before, and the other after the dissolution. They were consolidated and became one suit. One of the partners, by agreement made out of court, without the concurrence or assent of the others, but against the protest of the one who alone was consulted, entered into an agreement to submit the matters in controversy to the arbitration of three named arbitrators. The arbitrators acted, attended by the partner who had entered into the agreement of submission, and made their award in favor of the defendant. The dissent of the other partner was not known to the defendant until after the award was made. Is this a defense to the action? Both reason and the weight of authority hold that the submission was not binding on the partners who did not participate. 1 Coll. Part. § 441; Story Part. § 114; Parson's Part. *176 *et seq.*; Morse Arb. and Award. 7; Note to *Hutchins v. Lewis*, 30 Amer. Dec. 630; *Scarborough v. Reynolds*, 12 Ala. 252; *Huber v. Zimmerman*, 21 Ala. 488; *Wright v. Evans*, 53 Ala. 103; *McBride v. Hagan*, 1 Wend. 326.

There is a principle of law that when two or more unite in bringing an action, all must recover, or none can; that if one has disabled himself to maintain the suit, this precludes the others from recovering, for they can only have a joint recovery. And there are authorities which hold that this principle applies to suits by partners.—*Sahnon v. Davis*, 3 Amer. Dec. 410. There is one case in this State which seems to recognize that doctrine.—*Cochran v. Cunningham*, 16 Ala. 448, s. c. 50 Amer. Dec. 586.

The relations, rights, and powers of simple co-obligees are very different from those of copartners. The former are presumed to own each, a *pro rata* separable interest, and to have power over the subject of contention, equal to the proportion he sustains to the whole number; say, one-half, one-third, one-fourth, etc. Hence, *prima facie*, he can make a valid disposition of his undivided but separable part, without any reference to any other subjects of joint ownership between him and his co-obligees or joint owners. We say *prima facie;* for circumstances may exist which would vary this rule.

Partnership is different. No one member can claim an individual or separable interest in any article or subject of the partnership property. The partnership is itself a personality, and may be sued as such. The members individually can claim no absolute right to any part of the partnership effects. As between themselves, the partnership property is held in trust, and under a lien; first, to pay and discharge all the part-

nership liabilities; second, to equalize and adjust accounts and inequalities between the partners; and, third, to divide any balance in proportion to their several stipulated interests.— *Warren v. Taylor*, 60 Ala. 218. Hence, there is no individual ownership in the several partners, except on a division of the *residuum*, after paying the partnership debts, and after adjusting the accounts between themselves.

It results from these particular characteristics of partnership property, that no individual member should be able, beyond the sphere of his admitted powers, to defeat the purposes of the trust, or to hinder the utilization of the effects in discharging the liens which each partner has upon them. If one member can sell, remit, or encumber his interest in a part of the effects, and thereby destroy or impair the customary methods and remedies for reducing them to actual possession that they may be administered, a better reason should be given for such pernicious power than we have heard suggested, or can conjecture. Set-off of a partner's individual debt is not allowed against a partnership demand.— *Watts v Sayre*, 76 Ala. 397. Why should estoppel against, or *remittitur* by one partner, have a greater effect? If it be said the firm, or a majority of the partners have their remedy in equity, we inquire how, and against whom? Is it against the individual partner who has estopped himself? He may be insolvent; and it would seem that, as the estoppel and hindrance extend only to his proportional interest, he should not be held accountable to a greater extent. Is the equitable recourse to be asserted against the debtor, who has defeated the action at law by making good the defense of estoppel against one? This would be to reverse the order of things, and to cast on the unoffending members of the firm the burden of relieving themselves from the complication their offending co-member had unwarrantably brought upon them. We need not enter into an elaborate discussion to show how utterly opposed to the principles asserted in analogous cases, such doctrine would be. Let a single illustration suffice. The interest of a partner in partnership effects is sold under execution against him alone. The purchaser acquires no title to any specific property. He purchases only the ultimate interest of the execution debtor, which is his share of the *residuum*, after the partnership debts are paid, and the accounts among the partners equalized.—*Andrews v. Keith*, 34 Ala. 722; *Daniel v. Owens*, 70 Ala. 297. This could not and would not cast on the remaining partners the duty of instituting proceedings to ascertain and separate the purchaser's interest.

The rulings on this question in this State are not in har-

[Jenkins v. Mathews.]

mony. As we have said, the case of *Cochran v. Cunningham*, 16 Ala. 448, seems to support the defense here relied on.—*Cunningham v. Carpenter*, 10 Ala. 109, had ruled the other way. And *Crymes v. White*, 37 Ala. 549—a later case—is in harmony with *Cunninham v. Carpenter*, *supra;* *Burwell v. Springfield*, 15 Ala. 273; *Steed v. Salt*, 3 Bing. 101; *Nall v. McIntyre*, 31 Ala. 532; *Martin v. Thrasher*, 40 Vt. 460. We adhere to the doctrine declared in *Cunningham v. Carpenter, supra.*

The judgment of the Circuit Court is reversed and the cause remanded.