(80 South. 71)
JONES v. NICHOLS.  (4 Div. 674.)

(Supreme Court of Alabama.  Nov. 21, 1918.)

1. CORPORATIONS ⊙⟹404(1) — TRANSFER OF STOCK OF GOODS—VALIDITY.

Transfer of an entire stock of goods to a stockholder by officers of a corporation, not being formal act of meeting of stockholders nor concurred in by all the individual stockholders, conveyed no title as against the corporation, regardless of the bona fides of the transaction.

2. PARTNERSHIP ⊙⟹144—INDIVIDUAL DEBTS—TRANSFER OF PARTNERSHIP PROPERTY.

One partner cannot pass the title to partnership property by appropriating it to the payment of his individual debt.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Trover and conversion by C. C. Hughes, as trustee in bankruptcy of the estate of the Shop of Quality, bankrupt, against H. P. Nichols for the conversion of a lot of goods. Judgment for defendant, and plaintiff appeals. Pending said appeal, plaintiff died, and the cause was revived in the name of E. O. Jones as the successor as trustee in bankruptcy. Reversed and remanded.

J. M. Reeves was a stockholder in the Shop of Quality, and J. H. Reeves was also a stockholder and president of the corporation. The other stockholders were Eva Reeves, wife of J. H. Reeves, and Bud Clark. J. M. Reeves had executed to Nichols two promissory notes, one for $700 and one for $560. These notes were indorsed by J. H. Reeves. In payment of these notes, according to the testimony of J. M. Reeves, he sold to the Shop of Quality his $1,000 worth of stock therein and executed his note to the Shop of Quality for the difference, and received therefor the goods, which he sold in turn to Nichols in payment of the notes; the goods being sold at the rate of 65 cents on the dollar. It appears from the testimony of the same witness that he was present, as also was J. H. Reeves, representing himself and his wife, Eva Reeves, but that Bud Clark, the other stockholder, was not present. The

Shop of Quality afterwards became bankrupt.

Lee & Tompkins and A. E. Pace, all of Dothan, for appellant.

B. F. Reid, of Dothan, for appellee.

SAYRE, J. [1, 2] Action of trover and detinue by the trustee in bankruptcy of a corporation against the alleged fraudulent purchaser of goods of the corporation. Whether the transaction in virtue of which defendant, appellee, came into possession of the goods, purported to be a sale by the corporation directly to defendant in satisfaction of a debt due from one of the stockholders to defendant, or whether a sale of its goods by the corporation to its stockholder in consideration of the surrender of his stock, it being understood that the goods were to be sold to appellee in discharge of his indebtedness to the stockholder—and clearly the transaction amounted to one or the other—the transaction, not being the formal act of a meeting of the stockholders nor yet concurred in by all the individual stockholders, was a nullity and conveyed no title as against the corporation, and this regardless of the bona fides of the transaction and though it may have been authorized by officers of the corporation. 1 Morawitz, Corp. § 516; 1 Cook, Corp. § 285. No question of apparent agency is involved. Beyond question defendant understood the transaction in every detail. But if it may be said that defendant did not know whether the Shop of Quality, whose goods he got, was a corporation or a partnership, that is a matter of no consequence; for in addition to being required by law to know whose goods he was getting, he knew in fact that he was getting the goods of the Shop of Quality, and, assuming that he may have thought it a partnership, one partner cannot pass the title to partnership property by appropriating it to the payment of his individual debt. Sampson v. Fox, 109 Ala. 662, 19 South. 896, 55 Am. Rep. 950; Burwell v. Springfield, 15 Ala. 273. Hence our conclusion that, on the undisputed evidence, plaintiff was entitled to the general affirmative charge.

In view of possible variations in the evidence on another trial, we deem it proper to say further that the testimony to the effect that plaintiff had once had possession of the goods in suit, and had turned them over to defendant in pursuance of an order of the federal court, shed no light upon the question of title, the only question involved, and may have very seriously prejudiced plaintiff's case in the mind of the jury.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.