JOHN J. MURRY, Respondent, *v.* EIGHTH AVENUE RAILROAD COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, April Term — Filed May, 1923.

**Partnerships — judgment in favor of one of two partners for damages for negligence bar to subsequent action by copartner or by firm.**

Upon the trial of a Municipal Court action to recover damages for injury to a horse and truck resulting from a collision with defendant's street railway car, a witness for plaintiff not only testified as to the facts connected with the collision but also that he was an equal owner with plaintiff of the horse and truck and shared equally in the profits of the business in which they were used. *Held,* that when by amendment to the summons and complaint the witness was made a coplaintiff, the action in effect became a partnership action and a judgment entered upon a verdict in favor of said coplaintiff in an action brought by him in the City Court against the defendant herein to recover for the same injury was a bar to the present action.

In the present action the trial justice, over defendant's objection and exception, admitted the judgment roll in the City Court action, in evidence, denied defendant's request to go to the jury on the question of negligence, to which exception was taken, and on plaintiff's motion submitted the case to the jury solely on the question of damage, charging them that the negligence of defendant had been established by the previous adjudication in the City Court. *Held,* that a judgment in favor of plaintiff will be reversed and the complaint dismissed upon the merits on the ground that as the adjudication in the City Court action was a bar to an action at law in the name of the coplaintiff herein both partners were barred by said judgment.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of the plaintiff, and from an order denying defendant's motion to set aside the verdict and for a new trial.

*Michel Kirtland (John L. Ketcham,* of counsel), for appellant.

*Mordecai P. Springer,* for respondent.

GUY, J. This action to recover damages for injury to personal property, resulting from a collision between plaintiff's horse and truck and defendant's street railway car, was originally brought in the name of the plaintiff John J. Murry, the complaint alleging that said plaintiff was the sole owner of the property injured.

On the trial plaintiff called as a witness one Edward J. Murry, who, after testifying as to the facts connected with the collision tending to show negligence on the part of the defendant, further testified that he was an equal owner with the plaintiff of the horse and truck and shared equally in the profits of the business in which the horse and truck were used. Plaintiff's counsel then moved that the complaint be amended so as to join Edward J. Murry as coplain-

tiff in the action. This motion being granted, plaintiffs then offered in evidence the judgment roll in an action previously brought by Edward J. Murry as plaintiff against this defendant in the City Court " as conclusive against the defendant on the question of negligence." The judgment roll was admitted over the objection and exception of defendant. Plaintiffs then introduced proof as to the extent of the damage sustained by them by reason of the injury to said horse and truck, it being conceded that the injury sued for grew out of the same accident as was involved in the City Court action, and the case was finally submitted to the jury solely on the question of damage, the court refusing defendant's request to go to the jury on the question of negligence, to which defendant excepted, and the jury rendered a verdict for $225.20 in favor of the plaintiffs.

From the judgment roll it appears that in the City Court action wherein Edward J. Murry was plaintiff, the complaint set up two causes of action; one for damages for personal injury amounting to $1,600, consisting of physical injuries, loss of earnings, medical attendance, etc.; and a second cause of action for damages in the sum of $400 to the horse and truck which was being driven by said plaintiff, Edward J. Murry, and alleging that Edward J. Murry was the owner of said horse and truck. It is conceded that there was no withdrawal of the second cause of action in the City Court. The jury rendered a verdict in favor of the plaintiff in said action in the sum of $543.25 including costs.

At the close of the plaintiff's testimony herein defendant's counsel moved to dismiss the complaint on the ground that the plaintiffs had failed to establish a cause of action, failed to show any negligence on the part of the defendant, and that plaintiffs had not shown themselves to be free from contributory negligence, this motion being denied with an exception.

After the introduction by defendant of evidence tending to establish lack of negligence on the part of the defendant and contributory negligence on the part of the plaintiffs, both sides rested, and defendant renewed its motion to dismiss, which was denied with an exception. Plaintiffs then moved that the case be submitted to the jury solely on the question of damages, and not on the question of negligence, which motion was granted with an exception to the defendant. Defendant then asked to go to the jury on the question of negligence, which motion was denied. The court then submitted the case to the jury solely on the question of damage, charging the jury that the negligence of the defendant was established by the judgment roll in the City Court action, also

freedom from contributory negligence on the part of the plaintiffs, and was conclusive; that " a former adjudication is binding upon parties and their privies, and prevents them from litigating over again such matters as were previously at issue between them and were finally decided by a competent court," adding " that means simply this, that the question whether the defendant was negligent or not has been disposed of by the other court of competent jurisdiction, therefore you cannot go into that question any more, but this question you have a right to go into, that is to what extent has this plaintiff's property been damaged, because the other jury didn't pass upon that, they only passed upon the negligence and injury to the person of one of the parties," and further: " Your verdict will be either a verdict for the defendant, if you find there was no damage to the wagon, or a verdict for such amount as you believe will compensate them for the damage to their wagon by reason of the defendant's negligence." Defendant then excepted to that portion of the charge that the negligence of the defendant had been established by reason of the previous adjudication in the City Court.

The main points relied upon by the defendant, appellant, are: *First*, that the judgment roll in the City Court action was erroneously admitted; *second*, that the introduction of proof in this action that the plaintiff in the City Court action was plaintiff's partner and half owner of the property claimed to have been injured, then moving to have his partner made a coplaintiff in this action, and then introducing in evidence the judgment roll in the City Court action, claiming the same to be conclusive or *res adjudicata* on the question of negligence as between the present parties litigant, constituted a complete ratification of the acts of Edward J. Murry in the City Court action as agent for the partnership composed of the present plaintiffs and an adoption of the said acts in the City Court action; and that plaintiffs having introduced in evidence the judgment roll in the City Court action, and the court having held on plaintiffs' motion that said judgment roll was *res adjudicata* on the question of negligence, it must be deemed *res adjudicata* on all matters litigated or which could have been litigated in said action. The judgment roll introduced in evidence by a party plaintiff as conclusive upon one of the issues litigated in that action is equally conclusive as to all the other issues which under the rule *res adjudicata* were or are presumed to have been litigated in said action. There is no evidence in the record as to what was actually litigated. The stenographer's minutes are not before the court. The only proof contained in the judgment roll is the pleadings and a statement that the court charged the jury, and the jury then

rendered a verdict for plaintiff in a given amount. The presumption is that all the issues presented by the pleadings were litigated. To allow the plaintiffs to have the benefit of the rule *res adjudicata* as to one of the issues and deny the defendant the benefit of the rule as to the presumptions arising from the judgment roll on the other issues, would be manifestly unjust.

Plaintiff in the City Court action having been made a coplaintiff in this action, and plaintiff having proved partnership of the coplaintiffs and joint ownership of the property injured, both plaintiffs were barred from bringing another action by the judgment entered in the previous City Court action. The rule is very clearly stated in *Cochran & Estill* v. *Cunningham's Ex'r.*, 16 Ala. 448; 50 Am. Dec. 186: "As it is an established rule that all the partners must be entitled to recover, in order to maintain the suit, any act of one partner, whether done before or after the dissolution of the firm, that will bar him, will equally preclude the partnership from bringing an action at law in the name of all the partners."

The present action, after Edward J. Murry was made a coplaintiff, became in effect a partnership action, and Edward J. Murry being barred by the adjudication in the previous City Court action from bringing an action at law in his own name, he and his partner, the coplaintiff, are barred herein by said judgment.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed.