NEW YORK,
May, 1826.

Gram
v.
Cadwell

---

GRAM and STEWART *against* CADWELL.

ON demurrer to the replication. The declaration was in *indebitatus assumpsit*, for goods sold, &c. Plea, a release:

An agreement between partners, on dissolution, that one shall have the settlement of their affairs, he continuing the business, and assuming all debts and accounts outstanding and due, with which the firm had connexion, until they should be settled and that all the moneys contributed by the outgoing partner, except what had been drawn out by him, should be paid back by the other within a limited time, creates a separate interest in the remaining partner; and the subsequent release of a debt by the outgoing partner, to a creditor having notice of the agreement, is void.

One partner cannot release a debt due to the firm even during the partnership, in consideration of a debt due from him individually; and if such appear to be the fact, on the face of the release, it is void.

NEW YORK,  which was set forth, on oyer, as follows : "Jamesville, 20th
May, 1826.  September, 1824. In consideration of two hundred and

Gram      eighty dollars and thirty-one cents, cash received from sales
v.        of ashes in June last, belonging to Matthew Cadwell, (the
Cadwell   defendant;) and of the consignment to me by him of a lot
of cherry boards, supposed to be about thirty-five thousand
feet, I do hereby release and discharge the said Matthew
Cadwell from all debts and demands due by him to the
late firm of N. B. Gram & Stewart, supposed to be about
six hundred and fifty dollars ; as witness my hand and
seal. F. A. Stewart (seal,) one of the late firm of N. B.
Gram & Stewart." The plaintiff replied, that at the time
of the dissolution of Gram & Stewart, by certain articles
under their hands and seals, dated and executed May 1st,
1824, it was agreed that Gram should have the settlement
of the affairs of the firm ; that their connexion should be
dissolved; that the business of the firm should be settled
as soon as practicable to write up the books ; that as N. B.
Gram was in business previous to the connexion, he should
continue the business and the settlement thereof, assuming
all debts and accounts outstanding and due, with which
the firm had connexion, until they should be settled ; that
all monies put in and applied by F. A. Stewart, should be
paid back to him by N. B. Gram, within ten days from that
time, excepting what might have been drawn out by
him, as should appear from his individual account; of
which the defendant, before the execution of the release,
had notice.

General demurrer and joinder.

*D. Lord,* jun. in support of the demurrer. The instru-
ment set forth in the replication is not an assignment of
the debt to Gram. The replication does not call it so. The
whole was a mere temporary arrangement; and if Gram had
just cause of complaint against the defendant for taking the
release, his remedy was in equity, as in *Legh* v. *Legh,* (1 B.
& P. 447.) If Stewart had any interest, his release bars the
action. (4 Bin. 375.) The defendant is a debtor paying his
debt in full. The authority conferred by the agreement was
revocable ; and countermanded, *quoad hoc* by the release.

(*Bristow* v, *Taylor*, 2 Stark. 50.   3 Chit. Com. Law, 224, S. C.   *Salmon* v. *Davis*, 4 Bin. 375.)

*C. Walker*, contra.   The agreement at the time of the dissolution, was an assignment of the demand in question to Gram ; or what is equivalent, a power to collect the debt, coupled with an interest. (1 Cain. Cas. Err. 15.   *Raymond* v. *Squire*, 11 John. 47.)   For this there is a valuable consideration.   The plaintiff agreed to dissolve on certain terms ; the continuation of the business, and settlement of the concern was left to Gram ; who agreed to repay to Stewart his capital, and pay all debts,   These features of the case distinguish it from the authorities cited in support of the demurrer.   This court will protect the assignee of a chose in action.   (1 Mass. Rep. 117.   1 John. Cas. 411.   3 John. 425. 16 id. 51.   19 id. 95.)

That there may be a resulting interest to Stewart, does not affect the question.   It is like an assignment to trustees, to pay creditors.   The assignor's residuary interest there, would not warrant his interference.   (5 John. 336.   20 id. 142, 442.   12 id. 343.)

This case is precisely similar to *Henderson* v. *Wild*, (2 Campb. Rep. 561.)

But the release was for the consideration of Stewart's individual debt ; and is inoperative for this reason.   (*Dob* v. *Halsey*, 16 John. 34.)

*Curia*, per SAVAGE, Ch. J.   In June following the dissolution, Stewart received $280 31, from sales of Cadwell's ashes ; and subsequently a consignment of 35,000 feet of cherry boards ; in consideration of which he, on the 20th of September, executed the release.   This can be of no avail, unless Stewart had a right to execute it ; and that right depends on the question, whether he had assigned his interest in the partnership concerns.   It has been often decided that this court will protect the rights of assignees ; and if the article of dissolution amounts to an assignment of Stewart's interest, there is an end of the question.

The cases referred to do not seem to settle this definitive-

ly. *Bristow* v. *Taylor*, (2 Sark. 50,) proves that when two partners appoint an agent to collect their debts, he has no interest in the debts to be collected; and either partner may revoke his authority, and receive payment himself. Without expressing any opinion, as to the soundness of this decision, it is only necessary to say, that it does not control this case, if the instrument in question conveyed an interest in the debts of the firm.

The case of *Salmon & Brown* v. *Davis*, (4 Bin. 375,) was this : The plaintiffs had been partners ; and on a dissolution gave notice, that all persons indebted, should pay to Salmon, who was authorized to receive.   Salmon released the debt due from the defendant ; and on a suit by Brown, for his own benefit, the plaintiffs were nonsuited ; and the court refused to set aside the nonsuit ; saying, that Salmon had a right to release half the demand at any rate ; and that was sufficient to defeat the action.   To make that case analogous the release in this case would have been executed by Gram.

In *Henderson & Smith* v. *Wild*, (2 Campb. 561,) after dissolution of the plaintiff's partnership, and notice in the gazette intimating that all debts due the firm should be paid to Henderson only ; the defendant produced receipts by Smith, of payment by his own private account ; and it was held no defence.   Lord Kenyon seemed to think that such a payment, during the partnership, would have been valid ; but it certainly would not here.   (*Dobb* v. *Halsey*, 16 John. 34.)

*Raymond* v. *Squire*, (11 John. 47,) shows that a chose in action may be *assigned* and *transferred*, without using those words.   In that case the right of action consisted in a breach of the covenant of seisin in a deed.   The plaintiff conveyed to St. John, and gave him a letter of attorney to collect of the defendant all such sums of money, &c. for the use of St. John.   Of this the defendant had notice ; and a release afterwards, by the plaintiff, was held inoperative and void, as the power of attorney, conveying an interest to St. John, was irrevocable.

In the present case, the plaintiff, Gram, wanted no authorization from Stewart to receive debts, by way of conferring power upon him.

During the existence of the partneship, each partner may receive the debts due, and give discharges. So after the partnership is dissolved, without some contract, or conveyance by one to the other. Had there been no special stipulations between the plaintiffs, each would have had the same rights and authority over the partnership debts. The article of dissolution was intended, then, to have some effect, varying the rights of the parties as they existed before the execution of the instrument. They agree, that Stewart shall retire from the concern, and Gram shall continue the business; further, that Stewart shall receive his whole capital in ten days; and that Gram shall assume all debts and accounts outstanding, until they are settled. This language, in an instrument signed by both, amounts, in my judgment, to an assignment. And that is all the security which Gram has, for the advance he makes to Stewart; for, supposing the business not to have produced any thing, how else could Gram be made whole, but by receiving all the debts? How shall he assume, but by consent of Stewart? And having signed and sealed the instrument, in which Gram covenants to assume the debts, it is a virtual conveyance to Gram of his interest. That Stewart may have an interest in those debts after settlement, I think does not vary the question.

But if this were otherwise, another question arises; whether the release on its face does not show that this partnership debt was not paid by a set off of Stewart's own individual liability. He does not appear to have received the ashes, or the boards, in payment of the partnership demand; but he was liable in September to the defendant for money received in June, to the defendant's use, for ashes sold by him, probably on commission; and other property was also committed to him for sale on the defendant's account. If this was not a receipt of the debt from the defendant, but a payment of Stewart's sole debt, by releasing the partnership demand, then it was void, even if no assignment had ever been made.

But on the ground that the article of dissolution conveyed all Stewart's interest in the debts and accounts, until

NEW YORK,  settlement, I think it clear, that the release wa*s* void. I
May, 1826.  think, therefore, the plaintiff is entitled to judgment.

Freligh
v.                                    Judgment for the plaintiff.
Platt.