CHARLES S. HOMER & another *vs.* ALFRED WOOD & another.

If one member of a partnership settles a demand due from him individually, by setting off and discharging a demand due from his creditor to the partnership,

---

* See also *Percival* v. *Stamp*, 9 Welsb. Hurlst. & Gord. 167.

although this is a fraud upon the partnership, no action at law can be maintained in the name of the partnership to recover the demand due it from such creditor, the latter having acted in good faith.

ASSUMPSIT for goods sold and delivered. It was submitted on an agreed statement of facts. The action was referred to an auditor, and the balance reported by him, was agreed to be the balance due the plaintiffs, if any thing was due them. The plaintiffs were partners, doing business as hardware dealers in Boston, from October 1, 1846, to October 1, 1849, under the name of Homer & company. Homer lived in Cambridge; Leighton, the other plaintiff, in Boston. The former was the acting member of the firm, and had charge of the business of the firm. Leighton, however, had at all times access to the books of the firm, and examined them whenever he chose to do so; which he occasionally did. The defendants were partners in the grocery business at Cambridge, and furnished goods from their store to said Homer for family use, commencing in October, 1846, and amounting on the 22d day of February, 1850, to about $412.54; and on that day Homer and the defendants settled said bill by setting off the same in payment of the bill of the plaintiffs against the defendants, and Homer receipted the plaintiffs' bill in the name of the firm, and gave his own note to the defendants for the small balance due them after said set-off. The settlement was made by Homer and the defendants, without the knowledge or express assent of said Leighton, nor did he know until after the settlement that Homer was indebted to the defendants, nor has he since ratified that settlement. Homer was indebted to the firm of Homer & company in a large sum; but the defendants had no express or implied knowledge of that fact; and it was agreed that said settlement was made in good faith, so far as the defendants were concerned.

On these facts the court of common pleas gave judgment for the defendants, and the plaintiffs appealed to this court.

*T. Willey,* for the plaintiffs.

*E. Buttrick,* for the defendants.

BIGELOW, J. The general principle of law is too well set

tled to require either argument or authority to sustain it, that one partner has no right to apply the partnership securities and effects in payment of his private debts and liabilities without the assent, express or implied, of the other members of the firm. To set off a debt due to a copartnership, without such assent, in payment and satisfaction of a separate debt, due from one of the copartners, would be a manifest violation of this principle. The authority of copartners is limited by law to the transaction of the business of the firm, and any application of its property, effects, or credits to any other purpose by one copartner is regarded as an excess of authority, and as a fraud upon those members of the firm who do not authorize or participate in the act. As a necessary result of this rule, and in order to render it effective as a shield against fraud, it is also well settled, that a third person, creditor of an individual member of the firm, who obtains from him partnership securities and effects in payment of his separate debt, will, until the contrary is proved, be deemed to act *malâ fide* and in fraud of the rights of the other copartners. It is by the application of these principles that the plaintiffs in the present action seek to recover of the defendants, as a debt still due from them to the firm, the account which was settled and discharged by one of the plaintiffs, Homer, by a set-off of the separate debt due from him to the defendants. The case, therefore, presents the interesting and important question, never hitherto judicially determined in this commonwealth, whether the equity, to which a defrauded partner is entitled under such circumstances, can be supported and worked out in a court of law.

The present action, being in form *ex contractu*, can be maintained only by joining both partners as plaintiffs. The innocent or defrauded partner cannot recover in his own name alone. The rules of law compel him, as essential to his right of recovery, to unite with him his fraudulent partner, who has already received from the defendants full accord and satisfaction of the debt, now demanded in this action, and given to the defendants a discharge therefor, which they now plead in bar. The suit necessarily proceeds on the ground that both

Homer & another *v.* Wood & another.

plaintiffs must recover, if any recovery is had; because the contract being joint, the remedy upon it must be joint also. It presents a case, therefore, where the legal rights and remedies of parties are indissolubly blended, and cannot be separately supported and enforced.

How, then, can the plaintiffs recover of the defendants in the present suit the debt, which has been once paid to and discharged by one of the joint creditors? Only by alleging, in answer to such payment and discharge, the fraudulent acts of one of the coplaintiffs in misapplying the partnership assets in payment of his separate debt; or, in other words, the plaintiffs can maintain their action only by proving fraud in one of themselves. This would seem to be a manifest violation of the salutary principle, that a party in a court of law shall not be heard to allege his own bad faith, as a foundation of his right of recovery. In the language of Lord Tenterden, " we are not aware of any instance, in which a person has been allowed, as a plaintiff in a court of law, to rescind his own act, on the ground that such act was a fraud on some other person." It can make no difference in the application of this principle, that the party who seeks to do this, sues not in his own name alone, but jointly with another person, who is innocent of any fraud. In either case, the rule is equally applicable for obvious reasons. The right of action being joint, if one of the coplaintiffs dies, the right then accrues to and vests in the survivor. A joint action does not abate by the death of one of the plaintiffs, nor are the rights of the parties at all changed or affected thereby in a court of law; so that, in the present case, if the innocent partner had died, Homer, the fraudulent partner, might maintain this action alone in his own name, and thus, for his own benefit, avoid his own act by proof of his own misconduct, and recover over again from the defendants the very debt which has once been paid to him, and from which he has discharged them in full. But it is not necessary to resort to this supposition to illustrate the result which would follow if this action can be maintained. In every aspect it is a suit to benefit the fraudulent as well as the innocent plaintiff. If the partnership is

6 *

solvent, and a balance of profits remains after paying the partnership debts and discharging the sums due to the other copartners, a share of the amount recovered will go directly to the partner who has done the wrong. If the partnership is insolvent, then the share belonging to the fraudulent copartner, when recovered, will go to reduce the amount of his indebtment or liability as a member of the firm. Such action, therefore, cannot be maintained without involving the inconsistency of a party being allowed in a court of law to sue and recover for his own use and benefit upon the ground of his own misconduct. The case is widely different from that of a suit against a partnership, upon a note or other instrument given by one copartner, in payment of a private debt, in the name of the firm. There the innocent party, being defendant, truly alleges that he did not make the promise or agreement set out in the declaration. The fraudulent partner obtains no benefit by such defence; he is still bound by the contract; but here, the fraudulent party is necessarily a plaintiff, and comes into court claiming to set aside his own release, and maintain his action on the ground of his own fraud. In the former case, the defence is not the defence of the fraudulent, but of the injured and defrauded party only. In the latter case, he who profits by the fraud makes his misconduct the ground of his recovery.

It may seem hard and inequitable that the innocent party, who is himself the victim of his copartner's fraud, should be thus shut out from his legal remedy. But the legal connection of copartners is so peculiar and intimate, that their rights and remedies in a court of law are necessarily limited by the relation which they hold to each other. They cannot sue each other. They cannot maintain an action against one of their copartners who is indebted to them in his individual capacity, nor against another firm of which one of their copartners is also a member. These and similar restrictions are the unavoidable results of the technical rules of law in their application to the mutual relations of copartners, and serve to show, that, in a court of law, the rights of copartners cannot always have corresponding and adequate remedies.

These must be often sought in a court of equity only. The leading case in England, in which the principle above stated as applicable to the case at bar is recognized, is *Jones* v. *Yates*, 9 Barn. & Cres. 532. In that case, Sykes & Bury being partners, Sykes fraudulently gave the bills of the partnership in discharge of his private debt, and also applied part of the partnership funds to the same purpose. The question was, whether the partners, Sykes & Bury, could recover in a joint action the amount of the bills and of the money in a court of law, by an action of trover for the bills, and of assumpsit for the money, and it was held that they could not. The same principle was laid down in the earlier case of *Richmond* v. *Heapy*, 1 Stark. 202. It was there held, that three copartners could not be petitioning creditors for a commission of bankruptcy upon bills of exchange, which one of the three copartners had agreed to pay at their maturity, although such agreement was made in fraud of his copartners, because by the English bankrupt act no person could be a petitioning creditor who could not maintain an action at law upon his debt or demand. The case is there significantly stated by the court, that if the copartner seek to recover by relying on their copartner's strength, they must also abide by his acts. The authority of the case of *Jones* v. *Yates*, is substantially recognized and affirmed in the more recent case of *Wallace* v. *Kelsall*, 7 Mees. & Welsb. 264, 273. Baron Parke there says: " that a person cannot be allowed as a plaintiff in a court of law to rescind his own act by joining his copartner with him." The rule is laid down to the same effect, but in somewhat different language, in the text-writers. Collyer on Part. § 643, thus states it: " There is another particular in which the rights of partners to sue *ex contractu* appears to be limited, and it seems clear that the equity to which defrauded partners are entitled in such cases, cannot be supported in a court of law, when the partners appear as plaintiffs, for, appearing as plaintiffs, they must join with them their fraudulent partner, and, relying on his strength, they must suffer by his fraud. They are, therefore, placed in a dilemma which makes their suit at law a nullity." So Story on Part. § 238

states the same principle : " If a security be a fraudulent con-
trivance between the guilty partner and the third person, in
fraud of the partnership, there can be no suit against such
third person at law, founded thereon, since the guilty partner
is at law a necessary plaintiff in every such suit." This rule
has been applied in New Hampshire to a transaction not
unlike that shown to have taken place in the present case.
*Greeley* v. *Wyeth,* 10 N. Hamp. 15. In that case it is decided
that if one copartner, without the knowledge of his copartners,
makes a special contract to perform labor or sell goods of his
firm, and to take pay in specific articles for his own separate
use, and the contract is executed by the parties, an action
cannot be maintained in the name of the partners to recover
the value of the goods so sold or labor performed, on the
ground of fraud in the partner who made the contract. The
decision of this case is put by the court distinctly on the doc-
trine as stated in *Jones* v. *Yates.*

The counsel for the plaintiffs, in his elaborate research of
the authorities in this country, has found several cases where
actions have been maintained by copartners to recover debts
due the partnership, which have been set-off and discharged
by one of the partners in payment of his separate debt. But
in none of them, with a single exception which will be noticed
hereafter, are the above-cited authorities or the principles upon
which they proceed adverted to. The courts, in all these
cases, lay down the familiar rule of law, that the payment of
a private debt of one copartner with the assets of the firm, is
a fraud upon the other copartners; and upon that ground, and
that only, allow the partners to recover by a suit in their own
name a debt which has been thus paid and discharged, with-
out any reference to the consideration that a party plaintiff is
thus allowed to rescind his own act for his own benefit, by an
allegation of his own fraud. The decisions in New York
upon this subject are all based on the case of *Dob* v. *Halsey,*
16 Johns. 34, which was determined several years before the
leading case in England of *Jones* v. *Yates,* and in none of
them was the attention of the court drawn to the technical
difficulty of supporting a joint action by plaintiffs under such

circumstances. Besides; the cases of *Cram* v. *Cadwell*, 5 Cow. 489, (which also preceded *Jones* v. *Yates*,) and *Everingham* v. *Ensworth*, 7 Wend. 326, were ultimately decided upon other and distinct grounds. See also *Minor* v. *Gaw*, 11 Sm. & Mar. 322; *Brewster* v. *Mott*, 4 Scam. 378. The case of *Purdy* v. *Powers*, 6 Barr, 492, is the only authority cited by the counsel for the plaintiffs, which is directly in conflict with the English cases, and in which they have been considered, and their reasoning and authority denied. But that decision was made after the courts of Pennsylvania had long been committed to an opposite doctrine without reference to the principle on which the cases in England are based. Nor can the decisions of the courts of that state be considered of any great authority in a question of this kind, because equitable remedies are there administered through the medium of common law courts. Indeed, in the very case cited, the court say they would permit in all cases, if necessary, an action in the name of the partners to prevent a failure of justice, though, in form, it might present the incongruity of a party suing on the ground of his own *malâ fidês*. In this commonwealth, the rules of the common law cannot be-strained to meet the equity of any particular case.

The case of *Rogers* v. *Batchelor*, 12 Peters, 221, was not a suit brought in the name of the fraudulent copartner, and is not, therefore, an authority applicable to the present case.

Upon a careful consideration of the authorities and the principles upon which they are founded, we are of the opinion, that, in a case like the present, the plaintiffs are not entitled to recover. In arriving at this result, we do not intend to decide any thing beyond the precise case before us. The parties here do not stand *in pari delicto*. It is expressly agreed, that the defendants, in making the settlement with the fraudulent partner, acted in good faith. If, therefore, they are chargeable with *malâ fidês*, it is only that technical fraud which the law infers from the mere fact that they knowingly have paid their debt to the firm by a set-off of the debt due to them from one of the firm. Not so with Homer, the fraudulent plaintiff. He well knew the extent of his own authority,

the amount of his own indebtment to his copartner, the condition of the firm, and that he was committing a moral as well as a legal fraud upon his copartner by the settlement. All, therefore, that is determined in the present case, is that an action cannot be maintained, in the name of copartners, to recover a debt due to the firm, which has been paid by a set-off of the separate debt of one of the copartners with his assent, and discharged by him, when the defendants, in making such set-off and payment, and obtaining a discharge, have acted in good faith without actual fraud and collusion with one of the copartners.     *Judgment for the defendants.*