Viles vs. Bangs and another.

---

## VILES vs. BANGS and another.

| 36 | 131 |
| 76 | 265 |
| 36 | 131 |
| 77 | 392 |
| 36 | 131 |
| 102 | 320 |
| 36 | 131 |
| 109 | 168 |

PARTNERSHIP: PARTIES. (1, 2) *One partner cannot apply partnership claim to his individual debt.* (3) *Right of copartner, as assignee of such claim, to recover at law. Parties defendant.*

Viles vs. Bangs and another.

1. One partner has no right to apply the partnership funds and effects in payment of his individual debt, without the assent, express or implied, of his copartners.
2. It appearing in this case that when defendants permitted their indebtedness to the firm of S. & V. to be applied by S. in payment of defendants' claim against him individually, they knew that the labor and materials furnished by them, upon which their said claim was based, were *not* furnished to the firm of S. & V., and it also appearing that this application by S. of the claim of his firm against defendants was not authorized by V.: *Held*, that such application was not binding on the firm.
3. After dissolution of the firm of S. & V., all debts due the firm being assigned for value to V., including the indebtedness of defendants: *Held*, that V. might recover the amount of such indebtedness in an *action at law*, without making S. a party, notwithstanding such alleged application thereof by S., which was set up in defense. *Estabrook v. Messersmith*, 18 Wis., 545, distinguished, but doubted in part.

APPEAL from the Circuit Court for *Eau Claire* County.

Action for the value of goods claimed to have been sold to the defendants and their order during the partnership of the plaintiff and one Simmons. Plaintiff alleged, that on September 11, 1871, the copartnership between him and said Simmons was dissolved, and that he had bought and owned said indebtedness, which was alleged to be $293.43 and interest.

The answer set up a settlement of the matters involved in the action, with the said Simmons, on February 16, 1871, and alleged as a defense and counterclaim, that the defendants, being the owners of a planing mill, had furnished materials and performed labor at the request of said Simmons for the plaintiff and said Simmons, and at their request, to an amount exceeding the sum claimed to be due by the plaintiff, and that it was the agreement between the defendants and said Simmons, that such materials and labor should be paid for in goods from the store, being the goods named in the complaint, which agreement the plaintiff knew of and approved.

The case was referred to a referee for trial. The evidence tended to show, that in May, 1870, a firm under the name of Simmons & Gilman were merchants in Eau Claire, and were

erecting a building to be used as a store ; that during that month Simmons contracted with the defendants as builders to do work upon ¯said building, and to furnish materials for the same, which they did ; that about October 3, 1870, the firm of Simmons & Gilman was dissolved, and the plaintiff entered into business with Simmons ; that after this, and in October, 1870, Simmons requested the defendants to take pay out of the store, and to draw orders on the firm ; that the account of the defendants for the work and materials furnished by them was kept on their books as against Simmons & Gilman, until March, 1871, when they opened an account against Simmons & *Viles;* that defendants had never been told that the work and materials ordered of · them were for Simmons & *Viles;* that the building for which the materials were furnished was occupied by Simmons & *Viles* as a store, but was the property of Simmons, and not partnership property ; that the defendants performed work and furnished materials at the request of Simmons to the amount of about $360.66 ; that in the latter part of February, 1871, one of the defendants and the said Simmons met in the store of Simmons and settled, and agreed that the account of the defendants exceeded that of Simmons & *Viles*, and Simmons then receipted the account of Simmons & *Viles* against the defendants ; and that this account, which amounted to $266.43, has not been paid in any other manner.

There was no evidence showing that plaintiff knew of the contract between Simmons and the defendants, or that he knew of the furnishing of any materials or work until after the materials were furnished or the work done.

The referee decided that the counterclaim set up was not sustained by the evidence, and that the settlement was not binding upon the plaintiff; and that he was entitled to judgment for the amount claimed.

On the trial before the referee, defendants' attorney asked Fish, one of the defendants, as witness, the following questions ; " With whom did you suppose you were dealing when this

work and service was done or performed, and when these materials were furnished?" "When and how did you first learn that the work and services and materials furnished were not for the firm of Simmons & *Viles?*" "At the time you made this settlement with Simmons, did you then suppose this work and these materials were done and furnished for Simmons & *Viles?*" Each of these questions was ruled out.

The defendants resisted the confirmation of the report, and appealed from a judgment rendered in accordance with it.

*Henry Cousins*, for appellants:

1. The court erred in refusing to allow the defendants to show that they were acting in good faith. This bears upon the validity of Simmons' acts to bind the firm. 3 Kent's Comm., 41. This testimony also would have had a bearing on the question, whether there was an express or implied consent on the part of the plaintiff. Story on Part., §§ 131, 133; *Wheeler v. Rice*, 8 Cush., 205; Gow on Part., 54. The good faith of the defendants may have an application affecting the remedy of the firm. The consent of the partner may be implied as well as expressed. *Sauntry v. Dunlap*, 12 Wis., 364; Story on Part., § 133; *Wheeler v. Rice, supra: Dob v. Halsey*, 16 Johns., 39; *Rogers v. Brightman*, 10 Wis., 62. 2. On his own showing the plaintiff was not entitled to any judgment. He comes into court either as the assignee of the firm, or as assignee of Simmons after the dissolution of the partnership. All that he could take by the assignment was the interest of Simmons; but Simmons had disposed of his interest in the account by the settlement and receipt. *Pierce v. Jackson*, 6 Mass., 242; Story on Part., §§ 119, 120; *Harrington v. Higham*, 13 Barb., 663. 3. The receipt of the firm was binding on the firm (it being solvent), and on all the interest of Simmons, even in a court of equity; and binding on the plaintiff in a court of law. *Henderson v. Wild*, 2 Campb., 561; *Calkins v. Smih*, 48 N. Y., 614. 4. Simmons should have been made a party defendant. Story on Part., § 237; *Homer v. Wood*, 11 Cush., 62; *Miller v. Price*, 20 Wis., 117.

Viles vs. Bangs and another.

*W. F. Bailey*, for respondent:

1. If the defendants settled with Simmons, and thereby paid their debt to Simmons & *Viles*, the law presumes their knowledge that the transaction was not binding without the consent of the other partner. *Rogers v. Batchelor*, 12 Peters, 229; *Dob v. Halsey*, 16 Johns., 34; 2 Kent, 684. Courts will not relieve from mistake or ignorance of the law. 20 Wend., 174; 1 Hill, 287; 9 Pick., 112; 18 Wis., 130. 2. A partner who applies partnership property to the payment of an individual debt without the assent of the remaining partners, commits a fraud upon the firm. *Rogers v. Batchelor, supra; Dob v. Halsey, supra*; 2 Barb., 625; *Huntington v. Lyman*, 1 Chip., 438; *Baird v. Cochran*, 4 S. & R., 397; *Davenport v. Runlett*, 3 N. H., 386; 19 Johns., 154; id., 158; 10 id., 461; 6 Barr, 492; 11 Cush., 62; 5 Conn., 574; 29 Wis., 250. 3. One partner cannot, during the existence of the partnership, release a debt due from the firm in consideration of a debt due from him individually. 5 Cow., 489; 7 Wend., 326; 1 Port., 232; 2 id., 198. 4. A partnership may reassert their claim to property in the hands of the separate creditor. No title passes. *Rogers v. Batchelor, supra;* 12 Wis., 365; 16 Johns., 34; *Purdy v. Powers*, 6 Barr, 492; *Miller v. Price*, 20 Wis., 117. 5. Under the law of our state, Simmons is not a necessary party to this action.

COLE, J. 1. The doctrine is elementary, that one partner has no right to apply the partnership funds and effects in payment of his individual debt, without the assent, express or implied, of the other members of the firm. Story on Part., §§ 132 and 133; Parsons on Part., p. 210. To apply a debt due the copartnership, without such assent, in payment and discharge of a separate debt due from one of the partners, is a violation of duty on the part of the partner so misappropriating the partnership securities and effects. *Dob v. Halsey*, 16 Johns., 34; *Rogers v. Batchelor*, 12 Peters, 221; *Gram v. Cadwell*, 5 Cowen, 489; *Homer*

*v. Wood*, 11 Cush., 62; *Purdy v. Powers*, 6 Barr, 492; *Greeley v. Wyeth*, 10 N. H., 15; *Sauntry v. Dunlap*, 12 Wis., 364. The fact is abundantly established in the present case, that the partner Simmons, without the knowledge or assent of his co-partner, settled and discharged the account due from the defendants to the firm, by applying in payment and satisfaction thereof a separate debt due from him to them. This was a plain excess of authority on his part, and, upon the facts disclosed in the evidence, his act was not binding on the firm.

· 2. But the counsel for the defendants insists that it is not every disposition of the partnership property for the individual use of one member of the firm, which amounts to a fraud on the rights of others, but that it depends upon the circumstances attending the particular transaction. He therefore claims that the court erred in refusing to allow the defendants to show that at the time of furnishing the materials and doing the work for which they received their pay from the firm of Simmons & *Viles*, and at the time of the settlement of the account with Simmons, they acted in good faith, supposing they were dealing with him about a matter within the scope of the partnership, and thus repel and presumption of fraud in making the settlement. The defendants were permitted to show all the facts about doing the work and furnishing the materials which constituted the basis of their account. They were allowed to prove, and did prove, that the work and materials were furnished and expended in building a store, and were first ordered by Simmons, in May, 1870, nearly five months before the formation of the partnership of Simmons & *Viles*. This building, it appears, was occupied by the firm for a store from November, 1870, to September, 1871, when the firm was dissolved; but it was not partnership property, and the firm had no interest in the building. Besides, the defendant *Fish* testified that they opened their account with Simmons & Gilman in May, 1870, and that the articles and work furnished by them were charged to that firm upon their account books until March 7,

1871, when they opened their account with Simmons & *Viles*. He did not know when the latter firm commenced to occupy the building, and it very plainly appears from his own testimony and the manner in which the account was kept upon defendants' books, that they did not suppose the work and materials furnished were for the benefit or use of this firm. And not until the account of Simmons & *Viles* was rendered — being the one sued on by the plaintiff, and which was settled by the setoff of what was really the individual debt of Simmons — did the defendants open an account with that firm. These material facts, which mainly appear from the defendants' case, conclusively negative all inference that the defendants supposed they were dealing with the firm, and that their account was one against the firm. If they did not know for whom they were doing work and furnishing materials, it was their own fault. According to their own statements, they charged another firm with this work and material, and did not at the time regard the firm of Simmons & *Viles* as their debtors therefor. And as all these facts were fully disclosed in the evidence, we do not think that the exclusion of the questions asked the witness *Fish* could have possibly prejudiced the defendants.

3. It is not denied that on the dissolution of the partnership in September, 1871, all accounts due the firm, including the account sued on, were assigned the plaintiff, who is now the sole owner thereof. And the question is, Can the plaintiff maintain this action in his own name for the recovery of the partnership debt, or must he resort to a suit in equity, making Simmons a party defendant? It is said in many cases that an insuperable objection exists to an action at law, because, as the contract is joint, the remedy upon it must also be joint, and this involves the necessity of making the fraudulent copartner a party plaintiff to the suit. And consequently, if a recovery is had, the amount recovered is the property of the firm, and the fraudulent party would have his share. Lord TENTERDEN,

in *Jones v. Yates*, 9 Barn. & Cress., 532, very clearly and forcibly states the reason of the rule as follows : " We are not aware of any instance in which a person has been allowed, as plaintiff in a court of law, to rescind his own act on the ground that such act was a fraud on some other person ; whether the party seeking to do this has sued in his own name only, or jointly with such other person. * * The defrauded partner may perhaps have a remedy in equity by a suit in his own name against his partner and the person with whom the fraud was committed. Such a suit is free from the inconsistency of a party suing on the ground of his own misconduct. There is a great difference between this case and that of an action brought against two or more partners on a bill of exchange fraudulently made or accepted by one partner in the name of the others, and delivered by such partner to a plaintiff in discharge of his own debt. In the latter case the defense is not the defense of the fraudulent party, but of the defrauded and injured party. The latter may, without any inconsistency, be permitted to say in a court of law, that although the partner may for many purposes bind him, yet that he has no authority to do so by accepting a bill in the name of the firm for his own private debt. The party to a fraud, he who profits by it, shall not be allowed to create an obligation in another by his own misconduct, and make that misconduct the foundation of an action at law."

It is suggested that a distinction may well exist between cases like that of *Jones v. Yates*, and others of a similar character, where the partnership seek to avoid the wrongful act of a partner and can only have relief by the affirmative action of the court declaring such act void, and a case like the one at bar, where a party sues upon a partnership demand valid in favor of the partnership, and which can only be defeated by a defense setting up the validity of the wrongful act of the fraudulent partner. Here, it is said, the plaintiff has sued upon an account which was due the firm, and of which he is the sole owner. And the defendants in effect answer that the debt has

been satisfied and discharged by applying in payment thereof a separate debt due them from Simmons. A recovery can only be defeated by the court sustaining this appropriation of the partnership property, and by giving force and effect to the settlement. The plaintiff does not trace his cause of action through the wrongful act of his partner, but the defendants claim that he is bound by it. No importance, however, seems to have been given this distinction in the case of *Homer v. Wood, supra* — the objection to a recovery at law being held equally unanswerable where the partnership sought to avoid the wrongful act as where such act was relied on by way of defense. For in either case, it is said, the recovery enures to the benefit of the fraudulent partner, who profits by his own wrong, and there is a technical difficulty in supporting the action at law. But the opposite doctrine is clearly laid down by the court of Pennsylvania in *Purdy v. Powers*, 6 Barr, *supra*, where the partnership was permitted to recover in an action at law assets applied by one partner to the payment of his debt. It is true, the court in that case give weight to the circumstance that equitable remedies in that state are administered through the medium of common law forms, and that to prevent a failure of justice it would permit an action in the name of the partners, though it might present the incongruity of a party suing on the ground of his own *mala fides.* In *Miller v. Price*, 20 Wis., 117, it was assumed by court and counsel that an action at law would lie in the name of the partners to recover money due the firm, which had been applied to the payment of an individual debt of one of the firm; though the objection was not there taken that the remedy was in equity, the case being decided on other grounds. See also *Daniel v. Daniel*, 9 B. Mon., 195.

In *Estabrook v. Messersmith*, 18 Wis., 545, which was an action by copartners for the alleged conversion of partnership property, one of the questions presented was, whether a recovery could be had in a case where one partner had been guilty of fraud in purchasing the goods of a fraudulent vendor, and

had sold an undivided interest to his coplaintiff, who was an innocent purchaser. This court held that there could be no recovery of the interest of the innocent partner, because the judgment would be the joint property of the firm, and would go to the benefit of the guilty equally with the innocent. And it is said that upon the current of authority, if the defrauded party has any remedy, it is by a suit in equity in which the objection of joining his guilty copartner as a party plaintiff could be easily obviated, and that an action at law could not be maintained. Upon a further examination of the doctrine of that case, we have some doubt about its soundness—especially under the code,—though it doubtless has most respectable authority in its support. The objection that the remedy is in equity is wholly technical, and does not seem to rest upon very substantial grounds. But still the case before us is distinguishable from that of *Estabrook v. Messersmith*, and does not necessarily come within the rule there laid down. For here the recovery is for the exclusive benefit of the plaintiff, who is the sole owner of the account sued upon. His former partner has no interest in the claim, has nothing to do with the recovery, and will not in any way be benefited by the judgment. Indeed, so far as he has any interest in the result of the suit, it is that the plaintiff should be defeated in the action. For he has assigned and transferred to the plaintiff all his interest in the partnership property and effects for a valuable consideration, and will gain nothing by the recovery, while he would be benefited by the setoff of his separate debt being allowed. And as the foundation of the rule is, that the fraudulent partner will not be permitted to avoid his own act, nor found his right of action upon his wrong doing, the reason of the rule fails here. The partnership has been dissolved, and Simmons has no more interest in the property of the firm than though he had never been connected with it. Under these circumstances there is no reason for holding that the plaintiff should resort to another forum to compel the defendants to pay the debt which they owed the firm.

These views dispose of all the material questions in the case. *By the Court.* — The judgment of the circuit court is affirmed.