## COTZHAUSEN vs. JUDD and others.

PARTNERSHIP. *Unauthorized application of partnership claim to individual debt.*

One partner, without the consent, express or implied, of his copartners, cannot apply a claim of the firm to the payment of his individual debt, even in order to retain for the firm its debtor's custom; and such attempted application, with knowledge of the facts by such debtor, will not defeat *an action at law* upon the claim, by the firm or its assignee. *Viles v. Bangs,* 36 Wis., 131.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover a balance alleged to have been originally due from the defendants to the firm of Brockhaus & Bradley, on a current account between them, and by that firm assigned to the plaintiff. It appeared on the trial that Brockhaus & Bradley were indebted to the plaintiff, or to the firm of which the plaintiff was a member, and the account was assigned to the plaintiff in payment or part payment of such indebtedness.

It further appeared that the defendants held a note for several hundred dollars against Bradley, which was given for his individual debt before he became a partner of Brockhaus. Before the account was assigned to the plaintiff, Bradley made an agreement with the defendants to apply the balance due on the same in part payment of his note, and the amount of such balance was accordingly indorsed by them in installments on Bradley's note, pursuant to such agreement. Before such agreement was made, Brockhaus was applied to by Bradley, and also by one of the defendants, for his consent thereto; but he refused to consent to the proposed arrangement. The facts above stated are proved by the undisputed evidence.

The testimony on behalf of the defendants tends to show that defendants rendered accounts from time to time to Brockhaus & Bradley of their mutual dealings; that the latter

were charged therein with the sums indorsed on Bradley's note; and that no objection was made by that firm to such charges, until several accounts had been thus rendered. It seems that these accounts were all delivered in the first instance to Bradley; and Brockhaus testifies that he had no knowledge of them or of the agreement between Bradley and the defendants, until three accounts had been rendered, and he thereupon made out a statement of their accounts and sent it to the defendants, from which the credits to the defendants for the sums indorsed on Bradley's note were omitted.

The circuit judge instructed the jury, in substance, that Bradley had no authority, without the consent of his partner, Brockhaus, to bind the firm by an agreement to apply the demand of the firm against the defendants in payment of his individual debt to them; but that, if the accounts rendered by the defendants, containing charges for the sums indorsed on Bradley's note, were brought to the attention of Brockhaus, and he retained them, without objecting to their accuracy, beyond a reasonable time, that would be a ratification of the agreement on his part which would bind the firm.

Verdict and judgment for the plaintiff for the balance claimed; and defendants appealed from the judgment.

For the appellants, there was a brief by *Rogers & Hover*, and oral argument by *Mr. Hover*. They contended that it was error to assume that the contract, conceded to have been made by Bradley, was absolutely void if it failed to bind Brockhaus, and that the firm were entitled to proceed as if it had not been made. The evidence shows that the contract was necessary in order to regain the patronage of the firm, which had been withdrawn. If Bradley used a sound discretion in making it, and acted in good faith, his acts bound the firm. But at the time of the pretended assignment, the firm, as a firm, had no interest in the account which could pass by assignment. The contract certainly bound Bradley. If fraudulent as against Brockhaus, it was not a fraud upon the firm,

being made by one of its members (48 N. Y., 614); yet the firm, as such, is seeking to repudiate it, since plaintiff claims only as assignee of the firm. Brockhaus's right of action, if any, founded on the alleged fraud as to him, has never been assigned. Bradley, in making the contract, assigned to defendants his interest in the firm assets, to the extent of the indorsements on his note. And no action would lie against defendants, either by Brockhaus or by an assignee of his personal claim, until after an adjustment of the partnership accounts in equity.

For the respondent, there was a brief by *Cotzhausen, Smith, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen*. They contended that the act of a partner, to bind the firm, must be necessary for carrying on the business, and such as arises out of its ordinary operations. If it was merely convenient, or facilitated the transaction of the business, that is not sufficient, in the absence of evidence of sanction by the other partner. Collyer on Partnership, §§ 384, 387. " One partner cannot apply the funds of a partnership in payment of his private debt, without the assent of his copartners. And an action may be maintained by the assignee of the firm to recover the amount so applied, against the party receiving the same." *Thomas v. Pennrich*, 28 Ohio St., 55.

LYON, J. Without the assent, either express or implied, of his copartner, Bradley had no legal authority to apply a debt due from the defendants to the firm in payment of his individual debt to the defendants. If authorities are required to support a rule which is an elementary one in the law of partnership, they will be found cited in the opinion by Mr. Justice COLE in *Viles v. Bangs*, 36 Wis., 131.

But it is argued that the agreeement between Bradley and the defendants was entered into by the former for the purpose of retaining the custom of the latter, which custom was valuable to Brockhaus & Bradley, and could be retained in no other way ;

and that Bradley had authority to make the agreement because it was manifestly for the best interests of the firm. We think the position unsound. A similar reason might be given in almost any case where a partner has appropriated the assets of the firm to his own use, and thus the rule above stated would become practically inoperative. The true principle is, that the firm, and not the debtor partner alone, must be allowed to decide whether it will pay the debt of such partner out of its assets.

It is not claimed that Brockhaus ever expressly assented to the agreement between Bradley and the defendants, but it is claimed that his assent thereto must be implied if bills were rendered to the firm by the defendants in which the sums indorsed on Bradley's note were charged to the firm, unless reasonable objection was made thereto. The charge of the learned judge on this branch of the case seems unexceptionable. It is to the effect that if Brockhaus was made aware of the agreement by the charges in the bills thus rendered, and neglected to repudiate the transaction within a reasonable time thereafter, the firm is bound by the agreement; otherwise not. This is undoubtedly the law. The verdict for the plaintiff is, necessarily, a finding by the jury that Brockhaus did not delay unreasonably to repudiate the agreement between his partner and the defendants after he was informed of it. Upon that question the verdict is conclusive.

The learned counsel for the defendants contend that, had the demand in suit not been assigned, an action at law could not be maintained upon it by the firm of Brockhaus & Bradley, for the reason that the recovery would enure to the benefit of Bradley as well as Brockhaus, and thus the former would be permitted to rescind his own act on the ground that it was a fraud on his partner. It is said that a suit in equity against Bradley and the defendants is the only remedy left to Brockhaus.

It must be conceded that the plaintiff is in no better position

in respect to the demand in suit than was the firm before the demand was assigned to him. If the firm could not have maintained an action upon it before it was assigned, the plaintiff cannot maintain this action.

To sustain the position that this action cannot be maintained, counsel cite *Calkins v. Smith*, 48 N. Y., 614. That case was decided by the commission of appeals — two of the five commissioners dissenting, — and the majority opinion sustains the position of counsel. No cases are referred to in the opinion, and the earlier decisions of the courts of that state (hereinafter cited), holding the opposite doctrine, seem to have been entirely overlooked There are also cases in other courts holding the doctrine of *Calkins v. Smith*. Some of these are cited in *Viles v. Bangs, supra.*

But that question is not an open one in this state. It was settled in *Viles v. Bangs*, which in all essential particulars was a case like this. It was there held that the assignee of a demand due to the firm may maintain an action at law upon it, although before the assignment one of the partners had, without authority, assumed to apply such demand in payment of his individual debt to the defendant. The reasoning which led to that result is equally applicable here.

It may be remarked, however, that the grounds of the judgment in that case, as stated in the opinion, are somewhat special; but we think the judgment may also rest on the general principle that the act of a partner who, without authority, assumes to discharge a debt due his firm by applying the amount of it in payment of his individual debt (his creditor knowing the circumstances), if not absolutely null and void, is void unless the other partner or partners assent to or in some way ratify the act. In the absence of such assent or ratification, such act of the debtor partner cannot affect the firm or its assignee. The debt thus attempted to be discharged remains a debt as well after as before the attempted discharge; and the individual debt of the partner remains a debt owing by him,

unaffected by his unauthorized attempt to apply the assets of the firm to its payment. This seems to be the result of the best considered cases on the subject. *Evernghim v. Ensworth*, 7 Wend., 326; *Dob v. Halsey*, 16 Johns., 34; *Gram v. Cadwell*, 5 Cow., 489. See also Collyer on Part., § 501; Story on Part., § 132.

But whatever grounds may be assigned therefor, the judgment in *Viles v. Bangs* rules this case, and establishes the right of the plaintiff to maintain this action.

*By the Court.* — The judgment of the circuit court is affirmed.