EDWARD C. JOHNSON and WILLIAM T. PITT *vs.*
MALCOLM CRICHTON.

*Partnership—Appropriation by one partner of Partnership
funds or credits to the payment of his Individual debts,
without the authority of his Co-partners—Presumption of
fraud—How presumption of Fraud may be rebutted—Action
in the name of the Partnership against the Separate creditor
for the recovery of Partnership funds in his hands—Question for the Jury.*

An appropriation of partnership funds or effects by one partner
without the previous knowledge and consent of his co-partners, to
the payment of a debt which the creditor knew at the time was
the private debt of the particular partner, is presumptively fraudulent.

The presumption of fraud or *mala fides*, however, in respect of such
transaction, may be rebutted by proof of authority given by the
other partners, or of their knowledge and consent, or of their
ratification.

If partnership funds or credits have been appropriated by one
partner to the payment or settlement of his own private debts,
without the authority or consent of his co-partner, the separate
creditor knowing, or having sufficient reason to know, that such
funds or credits belong to the partnership, such attempted appropriation can form no bar to an action instituted in the name
of the partnership against the separate creditor for the recovery of
the partnership funds or credits in his hands.

Whether such authority or consent was given by the co-partner, is a
question for the jury.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception* —At the trial the plaintiffs' counsel
asked the witness, Johnson, one of the plaintiffs, whether

Johnson and Pitt *vs.* Crichton.

he had ever authorized or assented to the charging of Pitt's individual indebtedness to the firm of Johnson & Pitt. To this question the defendant's counsel objected, and the objection being sustained by the Court, (GILMOR, J.,) the plaintiffs excepted.

*Second Exception.*—The plaintiffs offered the five following prayers :

1. That if the jury shall find from the evidence, that the defendant received from the plaintiffs the proceeds of the note, and the merchandise mentioned in the account filed by the plaintiffs, and have not paid over the said proceeds of said note. nor paid for said merchandise, then the plaintiffs are entitled to recover ; unless the jury shall further find from the evidence, that the plaintiffs are indebted to the defendant, as set forth in defendant's account, filed in offset, to an amount greater than the plaintiffs' claim.

2. That the burden of proof is on the defendant, to show the accuracy of the account by him offered in offset, and to show that the items in said account, marked as charged, on account of W. T. Pitt, were charged to the plaintiffs by and with the consent of the plaintiff Johnson.

3. That the burden of proof is on the defendant, to show the correctness of the account by him filed in bar, and that the items in said account, marked as charged, on account of W. T. Pitt, were charged to the plaintiffs, with the consent of the plaintiffs or of one of them, during the existence of said partnership.

4. That before the jury can allow the defendant any credits, growing out of any transactions, not immediately and properly within the scope of the plaintiffs' partnership business, they must find that such transactions were made in good faith, and not with any knowledge upon the part of the defendant, that they were made with the purpose of defrauding either member of the plaintiffs' firm.

5. That the defendant is not entitled under the issues joined on the plea of set-off, to a set-off of any of the individual indebtedness of W. T. Pitt, spoken of in evidence, against the claim of Johnson & Pitt, sued for in this case, unless they believe from the evidence that both Johnson & Pitt agreed to such set-off.

And the defendant offered the three following prayers:

1. If the jury find from the evidence, that in plaintiffs' first account against defendant, the services of one of the plaintiffs' firm in selling goods for defendant, are charged as a firm debt, and have been credited to and allowed the plaintiffs in their dealing with the defendant, in the manner shown in the accounts offered in evidence, and that said services so charged, were partly rendered before the beginning of plaintiffs' partnership, then the defendant is entitled to credit in this action, for such sums as the jury may find from the evidence, he paid to W. T. Pitt, on account of such services, during the period covered by the charges for the services as made in plaintiffs' accounts against defendant, unless the jury shall find from the evidence, such individual indebtedness was previous to the dissolution of plaintiffs' firm, and before this suit, allowed to be credited in personal account by defendant, in settlement by the express consent and agreement with defendant, on the part of said Pitt, assuming to act on behalf of said firm in settling with defendant the debt of the firm during the existence of the firm.

2. That if the jury find from the evidence, that the accounts offered in evidence on both sides contain items of private indebtedness for small sums of cash, and goods which were private matters of individual members of the firm, or of the defendant, are charged as firm debts or credits in the accounts of both parties, and that the plaintiffs have received credits for such private accounts on their part, the jury may consider this as evidence of mutual dealing in considering the claim of the defendant

Johnson and Pitt *vs.* Crichton.

to be allowed, credit for such items in his account, and which the jury may find, to be proved by the evidence, to have been furnished by him to individual members of plaintiffs' firm.

3. If the jury find from the evidence, that in plaintiffs' firm account against defendant, the services of one of plaintiffs in selling goods for defendant, are charged as a firm debt, and have been credited and allowed the plaintiffs in their dealings with the defendant, in the manner shown in the accounts offered in evidence, and that said services, so charged, were partly rendered before the beginning of plaintiffs' partnership, then the defendant is entitled to credit in this action for such sums as the jury may find from the evidence, he paid to W. T. Pitt, on account of such services, during the period covered by the charge for the services, as made in plaintiffs' accounts against defendant.

The Court granted the first, third and fifth prayers of the plaintiffs, and the three prayers of the defendant, and refused the plaintiffs' second and fourth prayers. The plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*J. Southgate Lemmon* and *T. Wallis Blakistone,* for the appellants.

*A. Stirling, Jr.,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

This was an action brought by the plaintiffs as partners against the defendant on open account. The pleas were, never indebted, payment, and set-off. The whole question of contest would seem to be in regard to the right of

the defendant to be allowed on account with the plaintiffs as partners, certain credits growing out of separate, individual transactions, between the defendant and Pitt, one of the plaintiffs, and which, by agreement with the individual partner, as it is claimed, were to be charged to the firm, and allowed on account. Some of the items for which claim is thus made by the defendant, relate to transactions that occurred before the formation of the partnership between the plaintiffs, and were subsequently charged to the partnership account by the defendant.

Under the rulings of the Court below these claims of credit or discount were allowed, as against the claim of the partnership sued on; and the question is, whether such rulings were proper.

1. It is a fundamental principle in the law of partnership, that the authority of each partner to dispose of the partnership funds and effects, strictly and rightfully extends only to the partnership business. If therefore partnership securities, funds, credits or effects, are taken from one partner, without the previous knowledge and consent of the others, for a debt which the creditor knew at the time was the private debt of the particular partner, whether that debt be created at the time, or has antecedent existence, all the authorities concur in holding such transaction to be fraudulent, and therefore clearly void in respect to the partnership. 3 *Kent's Com.,* 42; *Shirreff vs. Wilks,* 1 *East,* 48; *Ex parte Bonbonus,* 8 *Ves.,* 540; *Rogers vs. Batchelor,* 12 *Pet.,* 221; *Livingston vs. Roosevelt,* 4 *John.,* 251; *Sto. on Part., sec.* 132.

In *Parsons on Partnership, page* 116, (2nd Ed.,) the rule is stated, as the result of a large number of authorities cited, " that whenever a party receives from any partner, in payment for a debt due from that partner only, whether the debt be created at the time or before existing, or by way of settlement of, or security for, a debt, or in-indebtedness or obligation of the firm in any form, the

Johnson and Pitt *vs.* Crichton.

presumption of the law is, that the partner gives this, and the creditor receives it, in fraud of the partnership, and has consequently no demand upon them. And upon the same principle, if one partner releases a debt due to his firm, in consideration of a release to him of a debt due by him solely, the presumption will be that the transaction was fraudulent.''

It is true, the presumption of fraud or *mala fides* in such cases is never absolute or conclusive. It may be rebutted by proof of the authority given by the other partners, or of their knowledge and consent, or their ratification of the transaction; and this may be inferred from the usual mode or course of conducting the business, or the special circumstances of the case, if sufficient to raise a fair and reasonable implication of such authority. The burthen of proof, however, is upon the party dealing with the partner, in respect to their separate affairs, to show circumstances sufficient to repel every presumption of fraud, collusion, misconduct or negligence, on his part, as against the partnership; and if he fail in this, the transaction by which the funds, securities, credits or effects of the partnership have been obtained will be treated as a nullity. *Sto. on Part.*, secs. 132, 133, and the authorities cited; *Williams vs. Brimhall*, 13 *Gray*, 462, 467.

In the case of *Rogers vs. Batchelor*, 12 *Pet.*, 221, to which we have already referred, Judge Story, in delivering the opinion of the Court, stated, ''that the true principle to be extracted from the authorities is, that one partner cannot apply the partnership funds or securities to the discharge of his own private debt without their consent; and that, without their consent, *their title to the property is not divested in favor of such separate creditor,* whether he knew it to be partnership property or not.'' Whether the fact of knowledge on the part of the separate creditor that he is dealing in respect to partnership property, be material or not, is a question that we are

Johnson and Pitt *vs.* Crichton.

not called upon to decide in this case, and in regard to which we express no opinion; but with respect to the correctness of everything else stated by the learned Judge in the passage quoted, we entertain no doubt.

In the very recent case of *Cotzhausen vs. Judd,* 43 *Wis.,* 213, it was held that one partner, without the consent, express or implied, of his co-partners, could not apply a claim of the firm to the payment of his individual debt, even to retain the custom of the debtor to the firm. And, in that case, it was said by the learned Judge who delivered the opinion of the Court, that "In the absence of such assent or ratification, such act of the debtor and partner cannot affect the firm or its assignee. The debt thus attempted to be discharged remains a debt as well after as before the attempted discharge; and the individual debt of the partner remains a debt owing by him, unaffected by his unauthorized attempt to apply the assets of the firm to its payment. This seems to be the result of the best considered cases on the subject."

With respect to the question of notice to the party dealing with the individual partner, of the partnership rights or ownership, that is often determined upon the face, and by the nature and showing, of the transaction itself. If the partner dealing on individual account delivers a promissory note of the partnership in payment of his private debt, this of itself carries notice to the party receiving it, that it is a partnership security. And so if one partner releases, or agrees to apply, a debt showing on its face to be due the partnership, in satisfaction of a private debt of his own, or agrees that the partnership account against the partnership debtor shall be credited with his individual account due such debtor; such transactions at once convey notice, and devolve upon the individual creditor, seeking the benefit of such agreements, the burthen of showing that the other partner or partners authorized or assented to what, without proof of such

authority or assent, would clearly appear to be a misappropriation of the partnership funds, and therefore a fraud upon the partnership. This is both in accordance with the dictates of common sense and of settled judicial decision. *Locke vs. Lewis,* 124 *Mass.,* 1. The question of the authority or assent of the other members of the firm to the transaction involved, is one for the jury ; and it should be submitted under proper instructions from the Court.

2. The question still remaining to be decided, and which is somewhat embarrassed by conflicting decisions, is, whether a suit at law may be maintained in the partnership or firm name, for a debt from which one of the joint plaintiffs has, before action brought, discharged the defendant, notwithstanding such discharge may have been a fraud upon the partnership, in which the released debtor was a participant? In other words, whether one of the partners, after he has agreed to apply the partnership funds or credits in liquidation or discharge of his own individual debt due to his creditor, without the authority or assent of his co-partners, can be joined in an action at law for the recovery of the partnership demand, notwithstanding such agreement for its application ?

It may perhaps be conceded that, according to the English decisions made prior to the existing Judicature Act, the present action, upon the assumption of the agreement as set up by the defendant, could not be maintained for the recovery of the partnership demand covered by the agreement for its liquidation or discharge by the private debt of the individual partner. The case of *Jones vs. Yates,* 9 *B. & Cr.,* 532, though quite unlike the present case in its facts, would seem to embrace it in the principle applied. In that case, S. & B. being partners, S. fraudulently gave the bills of the partnership in discharge of his private debt, and also applied part of the partnership funds to the same purpose. The question raised for decision was,

whether the partners, S. & B., could recover in a joint action, suing as partners, the amount of the bills and of the money, in a Court of law, by an action of trover for the bills, and of assumpsit for the money ; and .it was held that they could not so recover.   The reason assigned in support of the decision is, that it would not consist with legal principles to allow such recovery ; that there was no instance in which a person had been allowed as plaintiff, in a Court of law, *to rescind his own act* for his own benefit, on the ground that such act was a fraud on some other person ; and that it made no difference whether the party seeking to do so, sue in his own name only, or jointly with another.   This decision was followed, and apparently sanctioned, by the cases of *Wallace vs. Kelsall,* 7 *M. & W.,* 264, and *Gordon vs. Ellis,* 7 *M. & Gr.,* 607.   The principle of those decisions has been followed by some of the Courts of this country ; but others of very high authority have adopted a different rule of decision.

The reason assigned for the decision in *Jones vs. Yates* proceeds, manifestly, upon purely technical grounds.   It allows full legal effect to the act of appropriation by the individual partner ; and the fact that the right upon which the action was founded was purely *a joint right,* and that the joinder of the delinquent partner was a legal necessity, as well for the protection of the other partners as the creditors of the partnership, seemed not to have weighed with, or to have been considered by, the Court, as against the technical objection upon which the whole stress of the decision was placed.   Whether the case of *Jones vs. Yates* can be reconciled with the previous decision of Lord ELLENBOROUGH, in *Henderson vs. Wild,* 2 *Camp.,* 561, and the subsequent decision of Lord DENMAN and his associates, in *Farrar and others vs. Hutchinson,* 9 *Ad. & El.,* 641, certainly admits of serious question ;  and we are not aware of any more recent English cases, than those cited, upon the subject.

In the case of *Henderson vs. Wild*, just referred to, it was held, that, after a dissolution of a partnership between A. & B., and notice given that all debts due the partnership should be paid to B., A. having collusively given to a debtor of the firm a receipt dated anterior to the dissolution, the receipt was void, and an action might still be maintained against the debtor *in the joint names of A. & B.* And in the case of *Farrar and others vs. Hutchinson*, which was an action by partners to recover a debt due the firm, and where the defendant, to prove payment, gave in evidence a receipt signed by one of the plaintiffs, for cash and goods received in discharge of the partnership debt, it was held that the partners were not concluded by it, but that they were at liberty to show that it was given under circumstances which made it a fraud *on the partners not signing it;* and, succeeding in the proof, the plaintiffs took judgment for the partnership claim.

It is conceded by all the authorities, including *Jones vs. Yates*, that in an action against partners the technical objection does not apply. There, it is said, the partners who may suffer by the attempted fraud of their co-partner and co-defendant, may, without any inconsistency, be permitted to say in a Court of law, that although the partner may for some purposes bind them, yet, that he has no authority to do so by accepting a bill or making a promissory note in the name of the firm for his own private debt. It is then because the act is totally beyond the authority of the partner, and consequently a fraud, and therefore utterly null and void, as against the partnership, that the partners are permitted to defend against it ; and that being so, we can perceive no substantial reason for the distinction, in the right *to resist* the fraudulent act of the partner, by the partnership, between the position of being plaintiffs and being defendants on the record. The present action is not founded upon a claim originating in fraud, or that involves in its establishment even

the suggestion of *mala fides* on the part of either of the partners; but it is for a claim contracted with the firm in the regular and usual course of its dealing; and there is, therefore, no act or transaction required *to be rescinded* to entitle the plaintiffs to recover. The question of fraud or *mala fides* does not arise until the defendant, by way of defence, seeks to obtain the benefit of an act of one of the partners, said to be wholly unauthorized, and therefore not binding upon the firm. If this act or transaction of the individual partner has not been authorized or assented to by the other partners, it is simply void in respect to the partnership, and does not, therefore, operate to discharge the partnership debt, or to change the relative liability of any of the parties concerned. As was said by the Supreme Court, in *Rogers vs. Batchelor*, already referred to, " The true question is, whether the title to the property has passed from the partnership to the separate creditor. If it has not, then the partnership may re-assert their claim to it in the hands of such creditor." And, as we have already stated, it was held in that case, that, without the authority or assent of the other partners, the title to the partnership funds did not pass to the separate creditor of one of the partners.

Upon the whole, it would seem to be clear, both upon reason and authority, that if the partnership funds or credits have been appropriated by one partner to the payment or settlement of his own private debts, without the authority or consent of his co-partner, the separate creditor knowing, or having sufficient reason to know, that such funds or credits belong to the partnership, such attempted appropriation can form no bar to an action instituted in the name of the partnership against the separate creditor for the recovery of the partnership funds or credits in his hands. And as fully supporting this proposition, we may refer to the cases of *Dob vs. Halsey*, 16 *John.*, 34; *Gram vs. Cadwell*, 5 *Cow.*, 489; *Evernghim*

*vs. Ensworth,* 7 *Wend.,* 326 ; *Noble vs. McClintock,* 2 *Watts & Sergt.,* 152; *Purdy vs. Powers,* 6 *Penn. St.,* 492 ; *Cotzhausen vs. Judd,* 43 *Wis.,* 213 ; *Burwell vs. Springfield,* 15 *Ala.,* 273 ; *Hall vs. McIntyre,* 31 *Ala.,* 532 ; *Perry vs. Butt,* 14 *Geo.,* 699 ; *Buck vs. Mosley,* 24 *Miss.,* 170 ; *McNair vs. Platt,* 46 *Ill.,* 211 ; see also, *Pars. on Part.,* (*2nd Ed.,*) 306.

It follows that there was error in the Court's ruling in the first exception. The plaintiff Johnson ought to have been allowed to show that he had never authorized or consented to the application of the partnership assets by his partner Pitt, as claimed by the defendant. There was also error in refusing the plaintiffs' second and fourth prayers, upon the principles we have already stated. And the three prayers granted on the part of the defendant should have been refused, because inconsistent with the principle of this opinion ; and for the further reason, that they ignored the evidence furnished by the defendant's books, and his testimony as elicited on cross-examination, the judgment will be reversed, and a new trial ordered.

*Judgment reversed, and*
*new trial awarded.*